UNITED STATES, Appellee,

v.

Charles James SCHRECK, Seaman Apprentice, U. S. Navy, Appellant.

No. 38,035.

NCM No. 78–1650.

U. S. Court of Military Appeals.

April 13, 1981.

See also CMA, 9 M.J. 217.

For Appellant: *Lieutenant David S. Durbin, JAGC, USNR* (argued and reargued); *Lieutenant Commander Patrick A. Fayle, JAGC, USN.*

For Appellee: *Lieutenant J. G. Van Winkle, JAGC, USNR* (argued and reargued); *Commander T. C. Watson, Jr., JAGC, USN* (on brief).

For Amicus Curiae on behalf of Appellant: *Eugene R. Fidell, Esq.* (argued and reargued); *David F. Addleston, Esq.* (on brief).

Opinion of the Court

EVERETT, Chief Judge:

On February 2, 1981, we decided this case and three opinions issued. *United States v. Schreck*, 10 M.J. 226. In the lead opinion, I concluded that the appellant's trial defense counsel had not adequately protected his client through the *Goode*[1] response. In testing the error for prejudice, I noted:

> Where an action by defense counsel is involved that on its face appears contrary to his client's interests—such as concurring in a recommendation contrary to his client's express wishes—we would not be disposed to engage in nice calculations as to the existence of prejudice.

*Id.* at 229 (footnote omitted). However, I further recognized that, according to the Government, the appellant apparently had been an unauthorized absentee since prior to the date his petition for review was filed

---

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

in this Court and that, as of the date of the opinion—February 2, 1981—we had "received no indication that Schreck's status of unauthorized absence has changed after the proper filing by appellate defense counsel of the petition for review." *Id.* Accordingly, citing *United States v. Sperling*, 506 F.2d 1323, 1345 n. 33 (2nd Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975), and with Judge Fletcher concurring in the result, we held that "unless counsel for [the appellant] notifie[d] the Court within 30 days from the date of [that] opinion that he has returned to military control, then [the appellant's] petition for review [would] be dismissed with prejudice." 10 M.J. at 229. *See Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

Now, by Response to Court Order filed in this Court on February 24, 1981, appellate defense counsel represents that the appellant presently is in military control in the status of appellate leave from his organization, and that he has been in such status since November 20, 1980. In support thereof, counsel has attached to his Response a photocopy of a leave authorization form placing the appellant on leave for an indefinite period beginning at 1430 hours on November 20, 1980.

This, of course, makes dismissal of the appellant's petition entirely inappropriate. Further, it throws a new light on the manner in which trial defense counsel's seeming abandonment of his client's cause in the post-trial processing of the case should be viewed. At that stage the defense counsel had a ripe opportunity to further his client's interest in retention in the service; instead, it is quite possible that he dealt that interest a contrary blow by "concur[ring]" in the recommendation of the staff judge advocate that, notwithstanding the appellant's expressed wishes at trial and the strong recommendation of the military judge, the appellant's adjudged bad-conduct discharge should be approved. Accordingly, we cannot say beyond a reasonable doubt that the appellant was not prejudiced in the convening authority's action by his counsel's action. *See United States v. Ward*, 1 M.J. 176 (C.M.A.1975).

The decision of the United States Navy Court of Military Review is reversed. The supervisory authority's action is set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to a supervisory authority for a new review and action.[2]

FLETCHER, J., concurs.

COOK, Judge (dissenting):

Various documents filed before the Court reflect that appellant, who was tried on August 17, 1978, was absent without authority from November 13, 1978, to March 24, 1979, when he was apprehended. He entered a second unauthorized absence on March 28, 1979. *United States v. Schreck*, 9 M.J. 217 n. 1 (C.M.A.1980). Appellant's belated return to military control still "does not expunge his extended unauthorized absence." Appellant's actions have repudiated the unsworn statements he made during the trial. I adhere to the view I expressed in *United States v. Schreck*, 10 M.J. 226, 229 (C.M.A.1981).

---

2. Since the appellant actually has been on appellate leave since November 20, 1980, and not absent without leave, it does not appear that the action now ordered by the Court will be "a futile act" as Judge Cook feared in his dissenting opinion from our February 2, 1981 decision. *United States v. Schreck*, 10 M.J. 226, 229.