UNITED STATES

v.

Charles James SCHRECK, 121 50 6896, Seaman Apprentice (E–2), U. S. Navy.

NMCM 78 1650.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 17 Aug. 1978.

Decided 30 March 1982.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Darrell M. Grams, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and GORMLEY and MAY, JJ.

CEDARBURG, Chief Judge:

This case illustrates again the tortuous path to finality sometimes occasioned by procedures devised to simplify and expedite the appellate process. Appellant was tried nearly four years ago—17 August 1978—pleading guilty to two periods of unauthorized absence totaling six months. The convening authority action was taken 21 September 1978; that of the supervisory authority, 19 October 1978. The findings and sentence were affirmed by this Court 27 March 1979. We examined but found no prejudice resulting from trial defense counsel's brief and cryptic response to the staff judge advocate's review, pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), stating "I concur in your opinion and recommendations." The Court of Military Appeals granted appellant's petition for review filed by appellate defense counsel. 10 M.J. 114. In view of appellant's unauthorized absence at the time of the filing of the petition for review by his appellate defense counsel, the Court of Military Appeals did not initially resolve the issue of whether appellant had been prejudiced by this response, allowing appellate defense counsel 30 days to notify that Court if appellant, who had been an unauthorized absentee, had returned to military control and to thus

forestall dismissal of the petition with prejudice. *United States v. Schreck*, 10 M.J. 226 (C.M.A.1981). Appellate defense counsel, within the time permitted, represented that appellant had returned to military control and had thereafter been placed in an appellate leave status. The Court of Military Appeals then decided that it could not conclude beyond a reasonable doubt that appellant had not been prejudiced by his counsel's action and returned the record for a new review and action. *United States v. Schreck*, 10 M.J. 374 (C.M.A.1981).

Trial defense counsel had long since been released from active duty when the new staff judge advocate's review, dated 14 May 1981, was prepared in compliance with the Court of Military Appeals decision and was ready for service on defense counsel for *Goode, supra,* response. Lieutenant David S. Durbin, JAGC, USNR, who had represented appellant before the Court of Military Appeals on the two occasions recited above, had been released from active duty. Lieutenant Commander Patrick A. Fayle, JAGC, USN, who, with Lieutenant Durbin, had represented him in the second proceeding, was responsible for continued monitoring of the case after Lieutenant Durbin's separation. Service on the appellant was attempted, but could not be effected. Concurrently, in view of the fact that appellant had been represented by appellate counsel as recited above, the staff judge advocate attempted service on Lieutenant Commander Fayle. Lieutenant Commander Fayle had been transferred however, in the meantime, to duty in London, England. Lieutenant Thomas P. Murphy, JAGC, USNR, subsequently detailed as appellate defense counsel, returned the post-trial review stating:

1. I am the appointed appellate defense counsel for the subject named member. The previously appointed appellate defense counsel, Lieutenant Commander Patrick A. Fayle, JAGC, USN, has been transferred from this office.

2. Enclosure (1) is hereby returned. The undersigned counsel refuses service of the SJA post-trial review, in that adequate efforts have not been made to serve the detailed trial defense counsel, as mandated by recent case law.

3. An inquiry to the Military Personnel Division (Code 61), Office of the Judge Advocate General of the Navy, reveals that the detailed trial defense counsel has maintained a forwarding address:

Ming A. Louie, Esquire
14530 Mach Avenue
Detroit, Michigan

4. Efforts should be made to serve the member's detailed trial defense counsel at the above address.

Upon receipt of Lieutenant Murphy's letter, the staff judge advocate did attempt service by registered mail on Mr. Louie. The receipt was signed by "Y. Louie" on 23 June 1981 and no *Goode* response was received prior to the new supervisory action of 11 July 1981, taken after detailing the efforts at service, and upon the advice of the staff judge advocate that the legal requirements of *Goode* had been satisfied.

We readily conclude that the staff judge advocate made obvious good faith efforts to effect compliance with the requirements of *United States v. Goode.* Appellate defense counsel candidly concedes this. We are satisfied also that his efforts did satisfy the requirements of service announced by *Goode* and the procedures suggested in *United States v. Robinson*, 11 M.J. 218 (C.M.A.1981). There it was stated,

If Mr. Sepe [individual civilian counsel at trial] is unavailable to respond to the staff judge advocate's review within a reasonable time, then service of the review should be made upon appellant at his last address of record and upon appellate defense counsel,[3] who can assist in finding local military counsel to prepare the *Goode* response or, if Robinson requests, can prepare the response themselves.

---

[3] Because of their familiarity with the case, appellate defense counsel are in a better position to prepare a response than any other lawyer except Mr. Sepe.

Appellant's current appellate defense counsel, Lieutenant Commander Durbin,

who, of course, had previously represented him as appellate defense counsel and has returned to active duty during the passage of time and after the release to inactive duty of Lieutenant Murphy, has represented that, by referring to the case file, he was able to communicate by phone with appellant. He frankly admitted that Lieutenant Murphy, in all likelihood, could have done so just as readily. We find Lieutenant Murphy had an obligation to further his representation of appellant and provide a response so as not to frustrate the consideration of the case on its merits. Through the passage of time and the unique problems of representation incident to military legal practice, appellant, in the nearly 4-year span since his case was tried has been represented by four different appointed counsel. *United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977), mandated continuous post-trial representation of an accused, requiring that trial defense counsel would continue representation until substitute trial counsel or appellate defense counsel were designated. Lieutenant Murphy was the designated appellate defense counsel at the time the staff judge advocate's review was completed, and he received the review and acknowledged his appointment. Mr. Louie's obligatory and enforceable responsibilities with respect to post-trial responsibilities were terminated effectively by his release from active duty. The appellate defense counsel, with access to the case file and capability for direct communication with the appellant, was in a better position to prepare a response than any other lawyer. The opportunity to correct or challenge any matter deemed erroneous, inadequate or misleading, or otherwise comment on the review was afforded successor counsel in this case, but was refused. Any errors in the review were thereby waived. We have, however, independently and carefully examined the review, and in conjunction with our examination of the record, find no discernible error.

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge GORMLEY and Judge MAY concur.