**UNITED STATES, Appellee,**

v.

**Charles James SCHRECK, Seaman Apprentice U. S. Navy, Appellant.**

No. 38,035.

NCM 78 1650.

U. S. Court of Military Appeals.

Sept. 15, 1980.

For Appellant: *Lieutenant David S. Durbin*, JAGC, USNR (argued and reargued).

For Appellee: *Lieutenant J. G. Van Winkle*, JAGC, USNR (argued and reargued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

For Amicus Curiae on behalf of Appellant: *Eugene R. Fidell*, Esq. (argued and reargued); *David F. Addleston*, Esq. (on brief).

Opinion of the Court

FLETCHER, Judge:

The Government has moved this Court to dismiss appellant's petition for grant of review. *See* Rule 28, Rules of Practice and Procedure, United States Court of Military Appeals. Government counsel assert this petition was filed in an untimely and improper manner with this Court by appellate defense counsel. *See* Article 67(c), Uniform Code of Military Justice, 10 U.S.C. § 867(c).

The purported basis for the government's assertion concerning the filing of appellant's petition is the decision of this Court in *United States v. Smith*, 22 U.S.C.M.A. 247, 46 C.M.R. 247 (1973). The Government originally alleged that the appellant was an unauthorized absentee on March 27, 1979,[1] the day the United States Navy Court of Military Review rendered its decision in his case. In light of the decision in *United States v. Smith, supra*, government counsel argued that the 30-day appeal period specified in Article 67(c) commenced on that date and expired on April 26, 1979. Accordingly, he concluded that the present petition filed on September 21, 1979, on behalf of the appellant was improper because it was untimely as a matter of law.

At a later date, the Government filed a Motion to Supplement its earlier Motion to Dismiss. It changed its previous argument to the extent that it conceded that appellate defense counsel was properly served with a copy of the Navy Court of Military Review decision on August 22, 1979. Moreover, relying on *United States v. Larneard*, 3 M.J.

---

1. Various exhibits have been filed with this motion which purport to administratively show: that the petitioner was absent without authority from November 13, 1978, to March 24, 1979, when he was apprehended by civilian authorities; that he was turned over, on March 25, 1979, to military authorities at United States Naval Station, Long Beach, California, where he received orders to report to Pearl Harbor not later than 0200 hours on March 28, 1979; that he failed to do so and was absent without authority since March 28, 1979. These purported absences were after his court-martial and the service of its approved sentence of confinement.

76 (C.M.A.1977), it agreed that it was on this date that the 30-day period of appeal under Article 67(c) commenced for the appellant. Nevertheless, it asserted that since the appellant was on unauthorized absence during the entire appeal period, neither he nor properly authorized counsel could lawfully file a petition with this Court. *See United States v. Smith, supra*.[2] Accordingly, it urged the petition in question be dismissed as improperly filed with this Court.

Our decision in *United States v. Larneard, supra*, provides that properly authorized counsel may both receive service of a Court of Military Review decision and file a Petition for Grant of Review with this Court for an accused whose conviction is affirmed by an intermediate military appellate court. Naval regulations, moreover, now provide for personal service of the Court of Military Review decision on an absent accused and, if this fails, on his counsel specifically designated for this purpose or, if no special authorization exists, that the decision be held by the Judge Advocate General until an accused is again under the control of military authorities. *See* section 0133d(4)(a), Manual of the Judge Advocate General, Department of Navy (July 1, 1978). This was not the regulatory situation for service and filing treated in *United States v. Smith, supra*, nor was counsel specifically authorized by the appellant in that case to receive the lower court decision and file a petition on behalf of the accused with this Court. In light of these differences, we find the government's reliance on *United States v. Smith, supra*, misplaced for purposes of the lawful filing of petitions for grant of review with this Court. *United States v. Larneard, supra*.

Additionally, the operation of the present service regulations as urged by the Government in light of *United States v. Smith, supra*, and *United States v. Larneard, supra*, would have an unfair and unintended effect on the appellant. Under the present Navy regulatory scheme, a convicted, but absent, service member who does not sign a special authorization for counsel would be personally served with his Court of Military Review decision at the time he returns to military authorities. Since he would no longer be absent without leave, under the government interpretation of *United States v. Smith, supra*, he could at that time lawfully file his petition for grant of review with this Court. However, if the same service member had signed a special authorization of counsel, as the appellant did, his Court of Military Review decision would have been immediately served on counsel during his absence, thus commencing the 30-day appeal period. *See United States v. Larneard, supra*. Moreover, unless he returned to military authorities within 30 days of that date, the Government, relying on *United States v. Smith, supra*, would assert that neither he nor his counsel could lawfully file a petition for grant of review with this Court.

The operation of this regulatory scheme in this manner would clearly discourage utilization of the special authorization of counsel provided in *United States v. Larneard, supra*, and cannot be considered consistent with the principles of that decision. Also, the Court in *United States v. Smith, supra*, did not intend such differential treatment among the class of appellants absent without leave. Portions of *United States v. Smith, supra*, which would support the operation and effect of *United States v. Larneard, supra*, in this counterproductive and irrational manner must be considered overruled by the latter decision. The government's Motion to Dismiss this Petition for Grant of Review is denied.

EVERETT, Chief Judge (concurring):

In *United States v. Larneard*, 3 M.J. 76 (C.M.A.1977), this Court authorized two

2. Private Smith was found by the military judge at his court-martial to be voluntarily absent without authority from those proceedings. The trial proceeded and Smith was convicted notwithstanding his absence. Appellate defense counsel later unsuccessfully attempted to appeal this very conviction to this Court on Smith's behalf, during the latter's continued absence and without his knowledge.

methods of service that would commence the running of the 30-day period granting an accused for filing his petition for review with us. One method was by personal service on him; the other was by service upon his attorney who had been specifically authorized to accept such service "through the execution of a power of attorney clearly defining that authority". *Id.* at 81. Also, the Court stated that under its own rule-making power, *see* Article 67(a)(1), Uniform Code of Military Justice, 10 U.S.C. § 867(a)(1), it could adopt rules of procedure authorizing constructive service—like that which was unsuccessfully attempted in *Larneard;* but up to this time the Court has not adopted any rule of procedure on this point.[1]

Since it proved impossible to obtain personal service on the accused after the United States Navy Court of Military Review rendered its decision, his appellate defense counsel was served—as Schreck had specifically authorized in his power of attorney. This procedure, which started the 30-day filing period, accorded with naval directives; they, in turn, complied with *Larneard.*

While an accused makes a final decision as to whether a petition for review should be filed, *Larneard* recognizes a broad scope for delegation to his attorney—including the actual execution and transmission of the petition for review. When a petition is filed with us by an appellate defense counsel who has been representing an accused and who has received from him a power of attorney to accept service of the decision of the court below, I see no basis for our making further inquiry into the authority of the attorney to file the petition.

Appellate government counsel insists that, in light of *United States v. Smith,* 22 U.S.C.M.A. 247, 46 C.M.R. 247 (1973), Schreck's unauthorized absence precludes either him or his counsel from filing a petition for review. Since such a result would penalize the accused who relies on the pow-

er of attorney procedure authorized by *Larneard* and the regulations stemming from that decision, the rule in *Smith* seems inconsistent with *Larneard.* Secondly, in holding "ineffective" the filing of a petition for review by an accused who at the time was absent without authority, *Smith* sought to restrict a right which Congress had given in unqualified terms. Furthermore, the *Smith* rule is difficult to administer and may have harsh results. What if an accused is absent on the day that the petition is filed by his counsel but then returns to duty long before the expiration of the 30-day period? Would it be reasoned that the petition was a nullity because the accused was absent on that date and so he had never invoked this Court's jurisdiction? What if he is in a duty status on the date of filing the petition but becomes absent without authority on the next day, although prior to action on the petition by the Court? Who will make the final determination as to whether the purported appellant is in a status of unauthorized absence or what sort of hearing will be required if he disputes that determination? For persons who are in an "appellate leave" status, what constitutes unauthorized absence? Is it merely a failure to notify military authorities of a change of address? If an accused has been sentenced unjustly to a punitive discharge and 10 years confinement, does he forfeit the right of review in this Court because he is absent without authority on the date when the petition for review is filed with us?

If a defendant who has initially been present at trial later absents himself, he waives his right to be present during the rest of the trial; but he does not forfeit his right to a fair trial. *Cf.* Fed.R.Crim.P. 43. In the absence of any indication from Congress to the contrary, I conclude that similarly an accused who is absent without authority does not forfeit his right to petition for review.

In our review we "take action only with respect to matters of law." Article 67(d),

---

1. However, constructive service by mailing to the accused's last address, as shown in his service records, would be specifically authoriz-

ed under the terms of a bill now pending in the House of Representatives. H.R. 6406, 96th Cong., 2d Sess. § 945(b)(2) (1980).

UCMJ, 10 U.S.C. § 867(d). Typically, an accused will have little to contribute to the contents of a petition for review or to supporting briefs and argument. *Cf.* Fed.R. Crim.P. 43(c)(3). Thus, our disposition of a petition for review on its merits need not be tolled in any way during the absence of an appellant—regardless of the authority for such absence.

In sum, to grant the government's motion to dismiss would be inconsistent with *Larneard* and would commit us to a rule that, in my view, promises more loss than gain.

COOK, Judge (dissenting):

In my opinion, if the accused has surrendered his right to appeal by his unauthorized absence, his lawyer cannot appeal for him.

I do not construe *United States v. Larneard,* 3 M.J. 76 (C.M.A.1977), as overruling the limitation imposed by *United States v. Smith,* 22 U.S.C.M.A. 247, 46 C.M.R. 247 (1973), as *Larneard* did not involve an accused who was absent without leave. Rather, in *Larneard,* the accused had failed to advise the military authorities of his change of address after being sent home on "excess leave," and this Court held that constructive service of the decision of the Court of Military Review was ineffective. It did not address the issue of an accused's standing to petition this Court while he was absent without leave.

Apparently the majority find fault with the Navy's regulatory scheme which permits the running of the 30-day period to appeal to this Court when defense counsel is served, but would stay the period when counsel has not been authorized to appeal and an accused cannot be served because he is absent without leave. If there is some inequality in such a scheme, the fault is this Court's, not the United States Navy's.

Prior to this Court's decision in *United States v. Larneard, supra,* the regulation provided for constructive service of the opinion of the Court of Military Review when an accused could not be served because he was absent without leave. Accordingly, under the prior regulation, the 30-day period would have begun on the date of constructive service and all accused in an absent-without-leave status would have been treated equally. However, *Larneard* invalidated the long-standing practice of constructive service. Documents submitted to this Court reflect that the Navy's regulatory scheme was modified to incorporate the requirements of *Larneard* and constructive service is no longer authorized. *See United States v. Heflin,* 1 M.J. 131, 132 n. 6 (C.M.A.1975).

Thus, any deficiency in the regulatory scheme has resulted from the refusal of this Court to recognize that constructive service is a valid means to terminate a court-martial proceeding when an accused has demonstrated his contempt for the appellate tribunal by committing another crime which makes actual service of the decision an impossibility. In *United States v. Smith, supra,* at 249, 46 C.M.R. at 249, *citing Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), this Court refused to permit a defense counsel to " 'call upon the resources of the Court for determination of . . . [accused's] claim' " when the accused had absented himself without leave. As the defense counsel involved in the present case is before the Court only as the representative of an accused who is absent without leave, I would dismiss the petition for grant of review.