

No. 13–0348/AR.  U.S. v. Amanda M. Moss.  CCA 20110337.  Upon further consideration of the above–captioned case, and as discussed at oral argument, it is ordered that counsel file additional briefs on the following issues:

I.  Whether the decision to appeal to this Court is a personal decision of the Appellant, and if so, in what manner may such a decision be made?

II.  Whether there is any evidence in the record that the Appellant has authorized an appeal to this Court, and if there is no such authorization, is there nonetheless a continuing duty to represent the Appellant, and if so, from where does this duty derive?

III.  In circumstances where the Appellant cannot be located during the time period available to file a petition for grant of review at this Court, what is the responsibility of appellate defense counsel in the context of the statutory time limit in Article 67, UCMJ, to file an appeal?

IV.  Should this case be dismissed with prejudice under the holding in *United States v. Schreck*, 10 M.J. 226 (C.M.A. 1981)?

The Court invites the parties to address *United States v. Larson*, 66 M.J. 212 (C.A.A.F. 2008); *United States v. Schreck*, 9 M.J. 217 (C.M.A. 1980); Article 67(a)(3) and (b), UCMJ, and any other pertinent sources. Appellate defense counsel will file a brief on the above issues on or before October 4, 2013.  Appellate government counsel will file a brief on the above issues within 14 days of filing of the brief of the appellate defense counsel. The appellate government and appellate defense divisions of the Navy–Marine Corps, Air Force, and Coast Guard are invited to file *amicus curiae* briefs under Rule 26, U.S.C.A.A.F. Rules of Practice and Procedure.

Monday, September 23, 2013

No. 13–0196/MC.  U.S. v. Brian P. Hickerson.  CCA 201100111.  On further consideration of the granted issue, 72 M.J. 159 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.