Judge ERDMANN
delivered the opinion of the court.
A panel of officers sitting as a special court-martial convicted Private First Class Amanda Moss, in absentia and contrary to her pleas, of one specification of desertion terminated by apprehension in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885 (2012). The panel sentenced Moss to reduction to E-l, forfei- ■ ture of $978.00 pay per month for twelve months, confinement for six months, and a bad-conduct discharge. The convening authority approved the adjudged sentence and credited Moss with eighteen days of confinement against the sentence to confinement. The United States Army Court of Criminal Appeals (ACCA) affirmed the findings and sentence. United States v. Moss, No. ARMY 20110337, 2013 CCA LEXIS 15, at *18, 2013 WL 211255, at *6 (A.Ct.Crim.App. Jan. 17, 2013).
An accused “has the ultimate authority to determine whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal.” Florida v. Nixon, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) (internal quotation marks omitted). “[I]t is the appellant’s decision whether to take an appeal to this Court....” United States v. Larneard, 3 M.J. 76, 82 (C.M.A. 1977). We specified additional issues in this case to determine whether Moss authorized the appeal to this court. We hold that since the decision to appeal must be made by the appellant and because the record does not reflect that Moss authorized such an appeal, the appeal must be dismissed.

Background

On August 26, 2007, Moss left her unit without authority and remained absent for approximately three years. Following her apprehension by civilian authorities, Moss was brought back to Fort Stewart, Georgia, and charged with desertion. After arraignment, but prior to trial on the merits, Moss absented herself again and was ultimately tried in absentia at a special court-martial. During the presenteneing proceedings, Moss’s trial defense counsel gave an unsworn statement on her behalf. The unsworn statement informed the members that Moss had absented herself to care for her aunt, VM, who was ill. On rebuttal, however, the government called- Moss’s, father who testified that Moss did not have an aunt with that name.
During pretrial preparation, Moss completed a “Post Trial and Appellate Rights Advisement” in which she acknowledged that if the sentence approved by the convening authority included a punitive discharge or confinement for one year or more, her case would be automatically reviewed by the ACCA. Moss also requested representation before the ACCA by appellate defense counsel appointed by the Judge Advocate General of. the Army by circling the word “do” in paragraph 13 of the rights advisement. Since Moss’s approved sentence included a punitive discharge, her case was automatically referred to the ACCA where she was represented by appellate counsel.
Before the ACCA, Moss’s appellate defense counsel primarily argued that Moss was denied her Sixth Amendment right to effective assistance of counsel due to trial defense counsel’s decision to give an unsworn statement on her behalf without her permission. Appellate defense counsel also argued that trial defense counsel’s decision to inform the members that Moss absented herself to care for her aunt, only to have the government rebut the very existence of the aunt, demonstrated inadequate investigation of Moss’s presenteneing ease. Moss, 2913 CCA LEXIS 15, at *4-*5, 2013 WL 211255, at *2. Ultimately, the ACCA held that trial defense counsel’s strategy in providing the unsworn statement “was tactically sound and not unreasonable” and therefore did not constitute ineffective assistance of counsel under Strick *66 land v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moss, 2013 CCA LEXIS 15 at *16, 2013 WL 211255, at *5 (internal quotation marks and citation omitted).
Following the ACCA’s decision, the ACCA Clerk’s Office mailed a copy of the decision along with a cover letter to the address that Moss had last provided. The letter stated, in part:
This letter is notification of the decision of the United States Army Court of Criminal Appeals and informs you of your right to petition the United States Court of Appeals for the Armed Forces for a grant of review. The 60-day period within which you may petition the Court of Appeals for the Armed Forces begins on the day following the date this letter was mailed to you.
If you select to petition the United States Court of Appeals for the Armed Forces (CAAF), please sign and date the five copies of DA Form 4918-R, which are enclosed, and mail them to that Court in the envelope provided. If you DO NOT select to petition CAAF, you may request final action in your case by completing the enclosed DA Form 4919-R and mail it directly to your Appellate Defense Counsel. DO NOT do both.
The ACCA Clerk’s Office completed a Department of the Army (DA) Form 4916-R (Certificate of Service/Attempted Service) which indicated that the letter was returned as undeliverable.
On March 18, 2013, appellate defense counsel petitioned this court for review of the ACCA decision. United States v. Moss, 72 M.J. 161 (C.A.A.F.2013) (docketing order). We granted review of four issues that involve the unsworn statement made by trial defense counsel.[1] During oral argument the court asked the parties whether there was any evidence that Moss had authorized the appeal to this court, as there was no indication in the record that she had done so. Appellate defense counsel acknowledged that Moss had not signed a specific authorization for appeal to this court nor had he spoken to her and obtained a verbal authorization to appeal on her behalf. Appellate defense counsel argued that Moss’s completion of the “Post Trial and Appellate Rights Advisement” constituted an implied authorization for such an appeal, and, when combined with counsel’s ethical duty of continued representation, he was required to pursue the appeal before this court on Moss’s behalf.
On September 20, 2013, we issued an order specifying and requesting briefing on additional issues concerning the authorization to appeal.[2]

*67
Arguments of the Parties

Appellate §§ defense counsel recognizes that the decision to appeal is personal to an appellant but argues that the following actions by Moss reflected her intent to have counsel seek relief in all possible appellate forums: Moss requested assignment of appellate defense counsel to represent her at the ACCA; she signed the “Post Trial and Appellate Rights Advisement” which referenced her right to appeal to this court; and she authorized her trial defense counsel to file clemency matters in her absence. Appellate defense counsel further argues that Moss understood she had the same rights to counsel before this court as she did at the ACCA and therefore, absent any indication that she did not want representation at this court, it followed that she wanted to be represented before this court by appointed counsel. Appellate defense counsel concludes by asserting that once he was appointed under Article 70, UCMJ, 10 U.S.C. § 870 (2012), he had a duty to continue representing Moss until the attorney-client relationship was terminated. See Dep’t of the Army, Reg. 27-10, Legal Services, Military Justice app. C, para. C-3 a.(l), b.(l) (Oct. 3, 2011) [hereinafter AR 27-10, app. c]. Since Moss never terminated the relationship, his duty of representation extended to all appellate proceedings under the UCMJ. See Dep’t of the Army, Reg. 27-26, Legal Services, Rules of Professional Conduct for Lawyers, R. 1.12, R. 1.16 (May 1, 1992). The government generally agrees with Moss’s position on these issues.

Discussion

Whether the personal authorization of an appellant is required to appeal to this court is a legal issue which we review de novo. See United States v. Daly, 69 M.J. 485, 486 (C.A.A.F.2011). Where, as here, all of the evidence relating to the authorization issue is in the record and is not disputed, the issue before the court “necessarily reduces to a question of law.” See United States v. Lundy, 63 M.J. 299, 301 (C.A.A.F.2006). Both parties agree that the decision whether to take an appeal to this court is personal to an appellant. Larneard, 3 M.J. at 82. The parties also agree that Moss’s completion of the “Post Trial and Appellate Rights Advisement” reflected her intent to appeal to this court and therefore constituted an implied authorization to proceed with the appeal.
Article 67(a)(3) requires this court to review:
(3) all eases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.
10 U.S.C. § 867 (2012) (emphasis added). This provision was discussed in United States v. Rodriguez, 67 M.J. 110, 114-15 (C.A.A.F.2009):
Pertinent to this case is subsection (a)(3) which directs this court to review cases which have been reviewed by a Court of Criminal Appeals and where there is a “petition of the accused” and “good cause shown.” The statute clearly establishes that both of these predicates must exist before the congressional mandate to review a case arises.
The threshold issue before this court is whether there is a “petition of the accused” which was personally authorized by the accused. The rights advisement was signed by Moss on April 14, 2011, three weeks prior to her trial and contained the following pertinent provisions:
I am the accused whose name appears above. I certify that my trial defense counsel has advised me of the following post-trial and appellate rights in the event that I am convicted of a violation of the Uniform Code of Military Justice.
4. If the convening authority approves an adjudged punitive discharge (dismissal for officers; bad-conduct or dishonorable discharge for enlisted soldiers) or confinement for one year or longer, my case will be automatically reviewed by the Army Court of Criminal Appeals (ACCA). I am *68 entitled to be represented by counsel before such court. If I so request, military counsel will be appointed to represent me at no cost to me. If I so choose, I may also be represented by civilian counsel at no expense to the United States.
5. After the ACCA completes its review, I may petition the United States Court of Appeals for the Armed Forces (CAAF) to review my case. If that Court grants my petition, I may request review by the Supreme Court of the United States. I have the same rights to counsel before those courts as I have before the ACCA If I am pending an approved dishonorable or bad-conduct discharge it may only be ordered executed after the completion of the appellate process in accordance with Rule for Court-Martial 1209 [sic], unless I waive appellate review.
13. (Strike through inapplicable portion.) If applicable, I (do) (do not) [Moss circled “do” and struck through “do not”] want to be represented before the Army Court of Criminal Appeals by Appellate Defense Counsel appointed by the Judge Advocate General (TJAG) of the Army. I understand that I may contact my Appellate Defense Counsel by writing to Defense Appellate Division, U.S. Army Legal Services Agency (JALS-DA), 901 North Stuart Street, Arlington, Virginia 22203-1837.
Ordinarily, “may” is a permissive rather than a mandatory term. United States v. Rodgers, 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) (“The word ‘may,’ ... usually implies some degree of discretion.”).[3] The rights advisement simply informed Moss that if her conviction was affirmed by the ACCA, she had the discretion to appeal to this court and the Supreme Court, and if she chose to do so she had the same right to counsel before those courts as she did before the ACCA The language concerning a possible appeal to this court was informative only, and Moss’s exercise of her right to counsel before the ACCA cannot be construed to authorize a subsequent appeal to either this court or the Supreme Court.
The letter sent to Moss from the ACCA Clerk’s Office after the issuance of the ACCA decision reinforces this conclusion. The letter referenced and enclosed five copies of the DA Form 4918-R which is entitled “Petition for Grant of Review in the United States Court of Appeals for the Armed Forces.” That form provides:
TO THE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE ARMED FORCES:
1. I hereby petition the Court for review of my conviction.
2. I understand that, unless I specifically request the contrary, a military lawyer will be designated by The Judge Advocate General to represent me free of charge before the U.S. Court of Appeals for the Armed Forces.
SIGNED: _
As noted earlier, the envelope containing the letter and copies of the ACCA decision, DA Form 4917-R (“Advice as to Appellate Rights”), DA Form 4918-R, and DA Form 4919-R was later returned to the ACCA Clerk’s Office as undeliverable. Although the government currently argues that Moss’s post-trial election to have appellate defense counsel represent her before the ACCA constituted an authorization to appeal to this court, the instructions in the ACCA Clerk’s letter and the enclosed DA Form 4918-R are inconsistent with that position.
The parties also argue that appellate defense counsel had a continuing duty to represent Moss until the attorney-client relationship was severed. We agree that once an attorney-client relationship is established it must continue until terminated. See AR 27-10, app. C, para. C-3 a.(l) (stating that a duty of continued representation exists until the attorney-client relationship is terminated, counsel is reassigned, or the appellate processes under the UCMJ are terminated). However, the extent of appellate defense counsel’s duty to represent Moss was predicated on her previously provided limited au *69 thority to appeal only to the ACCA. If the accused is not available and cannot be located within the time provided to file a petition for review before this court, “the attorney can and should proceed in accordance with the authority previously given by the accused and file such proceedings as may be necessary to protect the interests of his client.” Larneard, 3 M.J. at 82. Paragraph 13 of the “Post Trial and Appellate Rights Advisement,” where Moss indicated a desire to be represented by appellate defense counsel, was, by its own terms, limited to representation before the ACCA[4] Therefore, the attorney-client relationship was limited to representation before the ACCA.
The issues raised in this appeal were brought on by both Moss’s actions and inac-tions. She initially absented herself for over three years, which led to the desertion charge. She then chose to flee again prior to her trial, which resulted in her being tried in absentia. In consulting with counsel prior to trial, Moss was advised that if her sentence fell within the jurisdiction of the ACCA, her ease would automatically be appealed to that court. With this information, Moss exercised her right to counsel before that court. Following the decision of the ACCA, the government provided Moss with the opportunity to appeal to this court and the opportunity to have a military lawyer designated to represent her. However, because Moss both remained absent without authorization and failed to keep the Defense Appellate Division apprised of her current address, she did not exercise that option. Accordingly, we hold that since the decision to appeal to this court is personal to an appellant, and because Moss did not authorize the appeal, this court lacks statutory jurisdiction under Article 67(a)(3) and the appeal must be dismissed. See Rodriguez, 67 M.J. at 114-15. Given this holding, we need not address the remaining specified issues or the granted issues.

Decision

The court’s order granting the petition for grant of review is vacated, and the petition for grant of review is dismissed.

.We granted review of the following issues:
I. Whether Appellant was denied her Sixth Amendment right to effective assistance of counsel where the defense counsel made an unsworn statement on her behalf when she was tried in absentia and there is no evidence that she consented to the unsworn statement.
II. Whether Appellant was deprived of her right to conflict-free counsel when her defense counsel made an unsworn statement without her consent and subsequently invoked his Fifth Amendment rights and failed to assert that Appellant was prejudiced.
III. Whether the military judge committed plain error when he allowed the defense counsel to make an unsworn statement on behalf of Appellant when she was tried in absentia.
IV. Whether the military judge abused his discretion when he found that there was no prejudice when the defense counsel read an unsworn statement without Appellant's consent and then failed to instruct the panel to disregard the unsworn statement and Sergeant First Class M’s rebuttal testimony.
United States v. Moss, 72 M.J. 407 (C.A.A.F.2013) (order granting review).

. We specified the following issues:
I. Whether the decision to appeal to this Court is a personal decision of the Appellant, and if so, in what manner may such a decision be made?
II. Whether there is any evidence in the record that the Appellant has authorized an appeal to this Court, and if there is no such authorization, is there nonetheless a continuing duty to represent the Appellant, and if so, from where does this duty derive?
III. In circumstances where the Appellant cannot be located during the time period available to file a petition for grant of review at this Court, what is the responsibility of appellate defense counsel in the context of the statutory time limit in Article 67, UCMJ, to file an appeal?
*67 IV. Should this case be dismissed with prejudice under the holding in United States v. Schreck, 10 M.J. 226 (C.M.A.1981)? United States v. Moss, 73 M.J. 53 (C.A.A.F. Sept. 20, 2013) (supplemental order).

. See also 10 U.S.C. 101(f)(2) (" 'may' is used in a permissive sense”); Rodriguez, 67 M.J. at 117 (Effron, C.J., dissenting) ("[In Article 67(b)], Congress used permissive language: The accused may petition....”) (internal quotation marks omitted).

. "If applicable, I (do) (do not) [Moss circled "do” and struck through "do not”] want to be represented before the Army Court of Criminal Appeals by Appellate Defense Counsel appointed by The Judge Advocate General of the Army.”