# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, K.M. MCDONALD**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## BRIAN P. HICKERSON
### STAFF SERGEANT (E-6), U.S. MARINE CORPS

## NMCCA 201100111
## GENERAL COURT-MARTIAL

**Sentence Adjudged:** 12 May 2011.
**Military Judge:** LtCol Robert Palmer, USMC.
**Convening Authority:** Commanding General, Marine Corps Recruit Depot/Eastern Recruiting Region, Parris Island, SC.
**Staff Judge Advocate's Recommendation:** Col E.R. Kleis, USMC.
**For Appellant:** LT Jessica Ford, JAGC, USN.
**For Appellee:** Capt Cory Carver, USMC.

**4 December 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel of members with enlisted representation sitting as a general court-martial convicted the appellant, contrary to his pleas, of one specification of transferring obscene material over the Internet, one specification of attempting to entice a minor to engage in illegal sexual activity, two specifications of possessing child pornography, and one specification of receiving child pornography, all in violation of Article 134,

Uniform Code of Military Justice, 10 U.S.C. § 934. The members sentenced the appellant to confinement for 20 years, reduction to pay grade E-1, forfeiture of all pay and allowances for 20 years, and a dishonorable discharge from the U.S. Marine Corps. The convening authority approved the sentence as adjudged.

In his initial appeal before this court, the appellant raised eight assignments of error (AOE).[1] After consideration of the pleadings of the parties, the record of trial, and oral argument, we affirmed the findings of guilty and sentence. Arts. 59(a) and 66(c), UCMJ. This case is now before us on remand for reconsideration in light of certain remarks made by the military judge approximately thirteen months after the appellant's trial concluded.

## Background

This is one of a number of cases concerning an allegation of judicial bias stemming from the military judge's remarks during a Professional Military Education (PME) lecture he gave to Marine student judge advocates on 21 June 2012. After the appellant raised the issue *inter alia* in his petition to the Court of Appeals for the Armed Forces (CAAF) for review of our initial decision, the CAAF granted review solely on his

---

[1] The appellant raised the following AOEs in his initial appeal:

1) The guilty findings for all child pornography offenses are legally insufficient because the Government failed to introduce evidence that 18 U.S.C. § 2252A existed at the time of the appellant's offenses;
2) The specification alleging an attempt to entice a minor to engage in illegal sexual activity fails to state an offense by not expressly alleging an underlying state statute criminalizing the activity;
3) The military judge erred when he admitted over defense objection evidence of uncharged misconduct from the appellant's statements to Naval Criminal Investigative Service;
4) The military judge erred where he admitted over defense objection evidence of uncharged misconduct where the appellant, while chatting online with adults, discusses committing sexual acts with minors;
5) The trial counsel made an unduly inflammatory sentencing argument;
6) The guilty finding for the offense of attempt to entice a minor to engage in illegal sexual activity is factually insufficient;
7) The military judge erred by refusing to instruct the members on the defense of voluntary abandonment; and
8) The military judge erred in admitting derivative evidence from an illegal pretextual telephone call.

AOEs 6-8 were raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We adopt and incorporate herein those portions of our earlier decision addressing these AOEs and similarly decline to grant relief. *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992).

2

allegation of judicial bias. *United States v. Hickerson*, 72 M.J. 159 (C.A.A.F. 2013). The CAAF later set aside our decision and returned the case to the Judge Advocate General of the Navy for remand to this court for further consideration in light of our decision in *United States v. Kish*.[2] *United States v. Hickerson*, 73 M.J. 53 (C.A.A.F. 2013). After reviewing the *DuBay* record in *Kish*, we concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." *United States v. Kish,* 2014 CCA LEXIS 358 at *38-39 (*Kish II*). We further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *Id*. We adopt our findings of fact and conclusions from *Kish II* for purposes of this appeal.

In his current appeal before this court, the appellant argues that he was deprived of his constitutional right to an impartial judge. Citing actual and apparent bias, he urges us to set aside the guilty findings and sentence. Appellant's Supplemental Brief and Assignment of Error of 31 July 2014. He further contends that we erred in *Kish II* by concluding that the military judge's comments did not reflect an actual bias. Rather, he argues, these comments and their close temporal proximity to the military judge presiding at the appellant's trial demonstrate actual bias. *Id*. at 13. We disagree.

### Disqualification of Military Judge

"'An accused has the right to an impartial judge.'" *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)). There is a "strong presumption that a [military] judge is impartial." *United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001). We review whether a military judge has acted appropriately *de novo*.[3]

---

[2] In *Kish*, the CAAF ordered a hearing pursuant to *United States v. DuBay*, 17 M.J. 147 (C.M.A. 1967), to "make findings of fact and conclusions of law related to what, if any, statements the military judge made on or about 21 June 2012 at a Professional Military Education meeting with junior officers regarding the practice of military justice." *United States v. Kish*, 72 M.J. 58, 58 (C.A.A.F. 2013).

[3] The CAAF has applied this standard when facing questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose*, 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim).

While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla*, 56 M.J. at 45 (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

We previously concluded in *Kish II* that the military judge's PME statements did not support a finding of actual bias, and the appellant here has made no showing that the military judge had a personal bias or prejudice concerning him or his case.[4] Consequently, we disagree with the appellant's current complaint of actual bias and instead we focus on the issue of apparent bias. The test we apply in this regard is "whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez*, 70 M.J. at 157 (citation and internal quotation marks omitted). The test is met when there is "'any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" *Id*. at 158-59 (quoting *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982)).

Examining the temporal relationship between the military judge's PME comments and the appellant's trial, we find the mere proximity alone insufficient to find apparent bias. The appellant's trial concluded on 12 May 2011, approximately thirteen months before the military judge's PME on 21 June 2012. Next, we note the lack of any indicia of bias in the record, and the appellant cites none. Absent any aspect of the appellant's court-martial that would lead a reasonable person to question whether the military judge's PME comments were in fact reflective of a personal bias, we find the proximity in time insufficient to establish apparent bias. In this case, the effect of the military judge's unrelated PME comments over a year after the appellant's trial concluded is not compounded with anything at trial to reach the level of undermining public confidence in the judicial system's integrity. *Quintanilla*, 56 M.J. at 45. Accordingly, we find no apparent bias.

---

[4] The appellant cites to the trial judge's comments during the PME regarding child pornography cases as revealing "a deep-seated disgust of any defendant sitting in front of him accused of the same offense." App. Supp. Br. at 17. Even so, the appellant's record of trial bears no indicia of any such antipathy toward the appellant, his crimes or those similarly accused.

## Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court