UNITED STATES, Appellee

v.

Christopher S. SCHLOFF, First Lieutenant
U.S. Army, Appellant

No. 15-0294

Crim. App. No. 20140708

United States Court of Appeals for the Armed Forces

Argued April 28, 2015

Decided July 16, 2015

OHLSON, J., delivered the opinion of the Court, in which BAKER,
C.J., and RYAN, J., joined.  STUCKY, J., filed a separate
dissenting opinion, in which ERDMANN, J., joined.

Counsel

For Appellant:  Captain Amanda R. McNeil (argued); Lieutenant
Colonel Jonathan F. Potter and Philip D. Cave, Esq.

For Appellee:  Captain Carrie L. Ward (argued); Colonel John P.
Carrell and Captain Janae M. Lepir.

For Amicus Curiae Special Victim Counsel:  Captain Vietlong T.
Nguyen.

Military Judges:  Wendy P. Daknis and Mark A. Bridges

**This opinion is subject to revision before final publication.**

United States v. Schloff, No. 15-0294/AR

Judge OHLSON delivered the opinion of the Court.

This case is before us following the Government's interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2012).

Contrary to Appellant's pleas, a panel sitting as a general court-martial convicted Appellant of one specification of abusive sexual contact by pressing a stethoscope to the breasts of a noncommissioned officer in violation of Article 120, UCMJ. The panel sentenced Appellant to a dismissal. After sentencing, the military judge, who had deferred ruling on Appellant's motion to dismiss, determined that the act of pressing a stethoscope to the victim's breasts (object-to-body contact) did not constitute "sexual contact" as defined by Article 120(g)(2), UCMJ, because, in his view, "sexual contact" can only occur when one person's body touches another person's body (body-to-body contact). The military judge therefore dismissed the charge and specification for failure to state an offense. The Government filed an Article 62, UCMJ, appeal with the United States Army Court of Criminal Appeals (CCA). The CCA determined that the military judge had erred when he found that "sexual contact" did not include object-to-body contact and vacated the military judge's ruling.

We granted review to determine whether "sexual contact" as defined by Article 120(g)(2), UCMJ, includes both object-to-body

2

contact and body-to-body contact.[1]  Based on the analysis below, we hold that "sexual contact" may include those instances where an accused touches a victim with an object.  We therefore affirm the decision of the CCA.

<u>BACKGROUND</u>

While assigned to U.S. Army Garrison-Yongsan, Republic of Korea, Appellant served as a physician's assistant.  The victim in this case, SGT CP, sought medical care from Appellant for a foot injury.  However, Appellant never examined SGT CP's feet.  Instead, his examination involved the prolonged placement of a stethoscope on SGT CP's breasts during a purported lung and heart evaluation.

The Government charged, and the members found, that Appellant had committed abusive sexual contact by "touching with a stethoscope the breasts of . . . Sergeant [CP] by making a fraudulent representation that the sexual contact served a professional purpose."  Appellant moved to dismiss the abusive sexual contact specification for failure to state an offense.  The military judge concluded that the specification did not

---

[1] We granted review on the following issue:

> WHETHER THE ARMY COURT ERRED IN EXPANDING THE
> DEFINITION OF A "SEXUAL CONTACT" TO A TOUCH
> ACCOMPLISHED BY AN OBJECT CONTRARY TO THE PLAIN
> LANGUAGE OF ARTICLE 120(g)(2).

United States v. Schloff, __ M.J. __ (C.A.A.F. 2015).

United States v. Schloff, No. 15-0294/AR

state an offense because the definition of "sexual contact" "unambiguously limits sexual contact to a touching accomplished by some part of the accused's body" and the specification alleged a touching of CP's breast solely by an object -- the stethoscope.

## STANDARD OF REVIEW

This Court reviews de novo questions of statutory interpretation and whether a specification states an offense. United States v. Vargas, 74 M.J. 1, 5 (C.A.A.F. 2014) (statutory interpretation); United States v. Rauscher, 71 M.J. 225, 226 (C.A.A.F. 2012) (state an offense).

## ANALYSIS

The granted issue requires us to determine, as a matter of statutory interpretation, whether the definition of "sexual contact" under Article 120(g)(2), UCMJ, encompasses both body-to-body contact and object-to-body contact. "Sexual contact" is defined as:

> (A) touching, or causing another person to touch, either directly or through the clothing, the genitalia, anus, groin, breast, inner thigh, or buttocks of any person, with an intent to abuse, humiliate, or degrade any person; or
>
> (B) any touching, or causing another person to touch, either directly or through the clothing, any body part of any person, if done with an intent to arouse or gratify the sexual desire of any person.
>
> Touching may be accomplished by any part of the body.

Article 120(g)(2), UCMJ.

4

United States v. Schloff, No. 15-0294/AR

The parties dispute the meaning of the word "touching" as used in this definition. In the absence of any specific statutory definition, we look to the ordinary meaning of the word. See Sandifer v. U.S. Steel Corp., 134 S. Ct. 870, 877 (2014); United States v. Schell, 72 M.J. 339, 343 n.1 (C.A.A.F. 2012). We conclude that "touching," as ordinarily used, means that contact was made either by an object or by a body part.[2] Thus, the term "touching" in the context of Article 120(g)(2), UCMJ, means that "sexual contact" can include object-to-body contact as well as body-to-body contact.

This understanding of "touching" is consistent with the statutory offense of abusive sexual contact. See United States v. McPherson, 73 M.J. 393, 395 (C.A.A.F. 2014) (noting that statutory meaning is determined by language itself, the context in which the language is used, and the broader statutory context). The statutory offense and its definition contain no limiting or qualifying words that would either require body-to-body contact or exclude object-to-body contact. We further note that in criminalizing abusive sexual contact, Congress included contact that occurs through the making of a fraudulent

---

[2] See Merriam-Webster Unabridged Online Dictionary, http://unabridged.merriam-webster.com/unabridged/touch (last visited July 13, 2015) (defining "touch" as "bring[ing] a bodily part briefly into contact with so as to feel" and "extend[ing] . . . an implement so as to reach, nudge, stir up, inspect, arouse").

5

representation that the contact is necessary for a professional purpose. See Article 120(b)(1)(C), (d), UCMJ. Real life experience indicates that "touching" for a professional purpose can occur either manually or with implements. This point is well demonstrated by the facts of the instant case where Appellant inappropriately used a stethoscope during what was supposed to be a professional medical exam. We therefore conclude that Congress did not seek to exclude object-to-body contact in a professional setting when it determined the scope of abusive sexual contact.

Appellant argues, however, that the following sentence in the definition of "sexual contact" limits the ordinary meaning of "touching" to direct body-to-body contact: "Touching may be accomplished by any part of the body." Article 120(g)(2), UCMJ. We disagree. The use of "may" in this sentence indicates that this provision has a permissive, rather than an exclusive, meaning. See United States v. Moss, 73 M.J. 64, 68 (C.A.A.F. 2014) ("Ordinarily, 'may' is a permissive rather than a mandatory term."). Thus, the fact that "touching" may be accomplished by any part of the body does not necessarily mean that touching must be accomplished by some part of the body. Therefore, object-to-body contact is not excluded from the scope of Article 120(g)(2), UCMJ, by dint of the definitional sentence cited by Appellant.

Appellant also seeks to support his position that "sexual contact" is confined solely to body-to-body contact by employing a variety of canons of statutory construction in analyzing the provisions of Article 120(g)(2), UCMJ. We acknowledge that these "canons are tools designed to help courts better determine what Congress intended, not to lead courts to interpret the law contrary to that intent." Scheidler v. Nat'l Org. for Women, Inc., 547 U.S. 9, 22 (2006). However, "[t]hese 'rules of thumb' give way when 'the words of a statute are unambiguous.'" Sebelius v. Cloer, 133 S. Ct. 1886, 1895 (2013) (quoting Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253–254 (1992)). Because we find no ambiguity in the statutory definition of "sexual contact," we find no basis to apply the canons proffered by Appellant in determining the meaning of "touching" in this context.

In sum, we hold that "sexual contact" as defined by Article 120(g)(2), UCMJ, may encompass both body-to-body contact and object-to-body contact. Therefore, by alleging, in relevant part, that Appellant committed sexual contact through "touching with a stethoscope the breasts of . . . Sergeant [CP]," the Government adequately stated the offense of abusive sexual contact.

CONCLUSION

We affirm the decision of the United States Army Court of Criminal Appeals.  The record of trial in this case is returned to the Judge Advocate General of the Army for further proceedings consistent with this opinion.

United States v. Schloff, No. 15-0294/AR

STUCKY, Judge, with whom ERDMANN, Judge, joins (dissenting):

"Our first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. Our inquiry must cease if the statutory language is unambiguous . . . ." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997); accord Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992); see United States v. Morita, 74 M.J. 116, 120 (C.A.A.F. 2015).

> Whether a statutory term is unambiguous, however, does not turn solely on dictionary definitions of its component words. Rather, "[t]he plainness or ambiguity of statutory language is determined [not only] by reference to the language itself, [but as well by] the specific context in which that language is used, and the broader context of the statute as a whole."

Yates v. United States, 135 S. Ct. 1074, 1081-82 (2015) (quoting Robinson, 519 U.S. at 341).

In both the 2006 and 2011 versions of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, the definition of the term "sexual act" immediately precedes that for "sexual contact." In both versions, Congress made it clear that a sexual act could be committed by penetration "by any part of the body or by an object." (Emphasis added). See Article 120(t)(1), UCMJ (2006 version), reprinted in Manual for Courts-Martial,

United States Punitive Articles Applicable to Sexual Offenses Committed During the Period of 1 October 2007 Through 27 June 2012 app. 28 at A28-3 (2012 ed.); Article 120(g)(1)(B), UCMJ (2012).  But in neither version did Congress choose to mention, in the very next definition, that "sexual contact" could be committed with an object.  "[W]hen 'Congress includes particular language in one section of a statute but omits it in another' -- let alone in the very next provision -- this Court 'presume[s]' that Congress intended a difference in meaning."  Loughrin v. United States, 134 S. Ct. 2384, 2390 (2014) (quoting Russello v. United States, 464 U.S. 16, 23 (1983)).  After considering the statute as a whole, I can find nothing to overcome this presumption and therefore conclude that Congress did not mean to include contact with an object as "sexual contact."

Today, the majority abjures analyzing the specific and broader context in which that language defining "sexual contact" is used in the statute by adopting "[r]eal life experience" as the touchstone for statutory interpretation.  United States v. Schloff, __ M.J. __ (6) (C.A.A.F. 2015).  Therefore, I respectfully dissent.