# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 LOUIS F. ESPINOSA III**
**United States Army, Appellant**

ARMY 20190539

Headquarters, Fort Stewart
David H. Robertson, Military Judge
Colonel Steven M. Ranieri, Staff Judge Advocate

For Appellant: Major Kyle C. Sprague, JA; Major Loraima Morciglio, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA; Captain Amanda L. Dixson, JA (on brief).

25 November 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

Appellant's case is pending review before this court pursuant to Article 66, Uniform Code of Military Justice (UCMJ). Appellant claims his defense counsel were ineffective for allowing appellant to plead guilty beyond the requirements of the pretrial agreement and for arguing for a bad-conduct discharge during sentencing proceedings. As we explain below, we find appellant's claims are meritless.

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of four specifications of incapacitation for duty from drug use and one specification of prevention of authorized seizure of property, in

violation of Articles 112 and 131e, UCMJ, 10 U.S.C. §§ 912, 931e. The military judge sentenced appellant to a bad-conduct discharge and 141 days of confinement. The convening authority took no action.[1]

## BACKGROUND

Appellant initially agreed to plead guilty to Charge II and its Specifications (incapacitation for duty from drug use), and plead not guilty to the Specifications of Charges I and III (violation of a lawful general regulation and prevention of authorized seizure of property, respectively). In exchange for his guilty plea, the convening authority agreed the government would present no evidence as to The Specification of Charge I, thereby resulting in a finding of not guilty to Charge I. The pretrial agreement allowed the government to offer evidence to prove The Specification of Charge III.

At court-martial, appellant entered a plea of guilty to the Specifications of Charge II, and also pleaded guilty to The Specification of Charge III. During argument on sentencing, defense counsel argued for a bad-conduct discharge. Appellant now claims his trial defense counsel were ineffective for failing to comply with the plea agreement and arguing for a bad-conduct discharge. Additionally, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant claims his trial defense counsel were ineffective for failing to properly advise appellant on the implications of pleading guilty to The Specification of Charge III.

## LAW AND DISCUSSION

We review claims of ineffective assistance of counsel (IAC) de novo. *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015); *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012). "In order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v.*

---

[1] In light of *United States v. Coffman*, 79 M.J. 820, 823 (Army Ct. Crim. App. 2020), we find the convening authority's failure to act on appellant's sentence as required by the applicable version of Article 60, UCMJ, while error, was not jurisdictional in nature. In regards to prejudice, we note appellant waived his rights to submit matters to the convening authority pursuant to Rule for Courts-Martial (R.C.M.) 1106(e)(3). Thus, we find the error did not materially prejudice appellant's substantial rights. *See Coffman*, 79 M.J. at 824 (citing *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 205)) (holding procedural errors are tested for material prejudice to a substantial right).

*Green*, 68 M.J. 360, 361-62 (C.A.A.F. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). We may address these prongs in any order because appellant must satisfy both prongs to prevail. *Green*, 68 M.J. at 362 (citations omitted). In appellant's case, we need only address the first prong.

Under the first *Strickland* prong, appellant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The relevant issue is whether counsel's conduct failed to meet an objective standard of reasonableness or whether it was outside the "wide range of professionally competent assistance." *Id.* at 690.

Appellant did not submit a signed affidavit supporting his claims of IAC. As we explain below, both of appellant's IAC claims are compellingly refuted by the record. As such, we determined affidavits from appellant's trial defense counsel were unnecessary. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (affidavits are unnecessary if the record as a whole compellingly demonstrates the improbability of appellant's claim).

In regards to appellant's claim his defense counsel were ineffective for failing to comply with the pretrial agreement, we find no evidence defense counsel were deficient. Prior to accepting appellant's plea, the military judge discussed with appellant and the government the inconsistency between the pretrial agreement and appellant's plea. While looking at the pretrial agreement, the military judge referred appellant to paragraph 2(a) in the agreement and stated to appellant, "[y]ou have pled differently than is required [in the pretrial agreement]." The military judge confirmed with appellant it was his desire to plead guilty to The Specification of Charge III.[2] Appellant also signed a document entitled "Accused's Plea" with his defense counsel the day prior to trial indicating his pleas to The Specification and Charge III as guilty. The military judge then asked the government, "[e]ven though the accused's plea differs from what's required in the plea agreement, are you satisfied that the accused has met the conditions required of [his plea] in his agreement with the convening authority?" The government confirmed appellant's different plea met the conditions of his pretrial agreement with the convening authority. After this discussion, appellant agreed with the military judge that his decision to plead guilty was made voluntarily and of his own free will.

---

[2] *See United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) (if accused sets up matter inconsistent with his plea, the military judge must resolve the inconsistency or reject the plea); *see also* UCMJ art. 45(a); R.C.M. 910(h)(2).

In light of appellant's unequivocal written and verbal statements to the military judge that he wished to plead guilty to The Specification of Charge III, we find nothing deficient in defense counsel's performance in allowing appellant to proceed. *See United States v. Moss*, 73 M.J. 64, 65 (quoting *Florida v. Nixon*, 543 U.S. 175, 187 (2004)) ("An accused 'has the ultimate authority to determine whether to plead guilty'. . . .").

Similarly, we find no support for appellant's claim his defense counsel were ineffective in arguing for a bad-conduct discharge during sentencing proceedings. Prior to counsel's sentencing argument, appellant signed a statement acknowledging he understood the consequences of a bad-conduct discharge and explicitly authorizing his defense counsel to state in argument that appellant desired to be discharged with a bad-conduct discharge. *See United States v. Dresen*, 40 M.J. 462, 465 (C.M.A. 1994) (a defense counsel who intends to ask for any punitive discharge must "make a record that such advocacy is pursuant to the accused's wishes"). Further, the military judge confirmed with appellant that he consented to his defense counsel arguing for a bad-conduct discharge. Thus, we find defense counsel were not deficient in arguing for a bad-conduct discharge during sentencing argument.

Lastly, pursuant to *Grostefon*, appellant claims his defense counsel were ineffective for failing to properly advise appellant regarding the implications of pleading guilty to The Specification of Charge III. Appellant's statements to the military judge compellingly refute this claim. The military thoroughly explained to appellant the meaning and effect of his guilty plea. Appellant indicated he understood and wanted to proceed with the guilty plea. *See United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (military judge has duty during providence inquiry to ensure the accused understands the nature of his guilty plea and is willingly pleading guilty).

After appellant's providence inquiry, the military judge stated to appellant that the maximum punishment based solely on his guilty plea was a dishonorable discharge, confinement for six years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant replied that he understood the maximum punishment for his guilty plea. The military judge then confirmed that the minimum and maximum sentence limitations in the plea agreement still applied even though appellant pleaded guilty beyond what was required by the pretrial agreement. The pretrial agreement included a sentence minimum and maximum for The Specification of Charge III. Finally, the military judge informed appellant that he could withdraw his plea at any time prior to the announcement of appellant's sentence. Appellant indicated he understood and at no time requested to withdraw his plea. Considering appellant's express statements to the military judge that he understood the meaning and effect of his guilty plea, we find no evidence defense counsel were deficient in advising appellant regarding the implications of his guilty plea.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED[3].

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] Block 31, Statement of Trial Results, is amended to reflect "Yes" in response to the question "Has the accused been convicted of a crime punishable by imprisonment for a term exceeding one year (18 U.S.C. § 922(g)(1)?"