UNITED STATES, Appellee,

v.

Bernard N. CURRY, Yeoman First Class U.S. Navy, Appellant.

No. 61,336.

NMCM 88 0719R.

U.S. Court of Military Appeals.

Argued June 2, 1992.

Decided Sept. 25, 1992.

For Appellant: *Major Joseph B. Gilbert,* USMC (argued); *Lieutenant Peter Van Hartesveldt,* JAGC, USNR (on brief).

For Appellee: *Lieutenant Scott A. Browne,* JAGC, USNR (argued); *Colonel T.G. Hess,* USMC and *Major Laura L. Scudder,* USMC (on brief).

*Opinion of the Court*

GIERKE, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of violating a general regulation, two specifications of maltreating a subordinate, forgery, communication of indecent language, and bribery, in violation of Articles 92, 93, 123, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 893, 923, and 934, respectively. The approved sentence provides for a bad-conduct discharge, confinement for 4 months, partial forfeitures for 6 months, and reduction to the lowest enlisted grade.

After the Court of Military Review affirmed the findings and sentence without opinion, this Court granted review and remanded the case to that court for consideration of the sufficiency of the evidence of

maltreating a subordinate, consolidation of multiplicious specifications, and reassessment of the sentence. 28 MJ 419, 424 (1989). The Court of Military Review dismissed the two maltreatment offenses for legal insufficiency of the evidence, found that the violation of a general regulation was not multiplicious with the bribery, and affirmed the sentence. The Court of Military Review noted that the military judge considered the violation of a general regulation, maltreatment, communicating indecent language, and bribery all to be a single offense for sentencing. Unpub. op. at 3.

The case is again before us to consider the following issue:

DID THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERR WHEN IT HELD THAT CHARGE I AND THE SPECIFICATION THEREUNDER (ALLEGING VIOLATION OF A LAWFUL GENERAL REGULATION) AND SPECIFICATION 2 OF CHARGE IV (ALLEGING BRIBERY) WERE NOT MULTIPLICIOUS FOR FINDINGS WHERE THE GENERAL ORDER IN CHARGE I SEEKS TO PUNISH THE SAME CONDUCT ALLEGED IN THE BRIBERY SPECIFICATION?

The two specifications in question stem from an incident in which appellant, taking advantage of his official position, asked a female sailor to give him a body massage in return for altering a document affecting her entitlement to a housing allowance. The specification alleging violation of a general regulation, charged under Article 92 alleges that appellant,

did, ..., on or about 1400, 28 May 1987, violate a lawful general regulation, ..., by wrongfully using his official position to improperly induce, coerce, or in any other manner influence HM3 [R], ..., to provide any benefit, financial or otherwise, specifically a "head to toe body massage" to the said [appellant].

The bribery specification, charged under Article 134 alleges that appellant,

did, ..., on or about 1400, 28 May 1987, wrongfully ask HM3 [R], ..., for a head to toe body massage, ..., with the intent

to have his action influenced with respect to ... HM3 [R's] BEQ transfer papers, an official matter in which the United States was and is interested in, to wit: the management of government quarters resources and the proper payment of BAQ and housing allowances.

■ The Government concedes that the two specifications are multiplicious and that the issue was not waived by the failure of the defense to raise it at trial. Since in this case the solicitation of a bribe is the violation of the regulation, the concession is well-founded. *See United States v. Edwards,* 35 MJ 351 (CMA 1992) (same acts charged as assault with intent to commit rape and attempted rape held multiplicious for findings).

■ The remaining question is whether we should cure the multiplicity by setting aside the conviction of violating a general regulation—punishable by a dishonorable discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade, para. 16e(1), Part IV, Manual for Courts–Martial, United States, 1984; or the bribery—punishable by a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to the lowest enlisted grade, para. 66e(1).

Appellant argues that the preemption doctrine requires setting aside the bribery conviction. We disagree.

■ The preemption doctrine is codified in paragraph 60c(5)(a), Part IV of the Manual. It "prohibits application of Article 134 to conduct covered by Articles 80 through 132." Based on the rationale and holding of *United States v. McGuinness,* 35 MJ 149 (CMA 1992), we hold that prosecution for bribery under Article 134 is not preempted by the existence of a general regulation covering the same conduct and enforceable under Article 92.

■ As we pointed out in *McGuinness,* the preemption doctrine applies only when (1) "Congress intended to limit prosecution for ... a particular area" of misconduct "to offenses defined in specific articles of the Code," and (2) "the offense charged is

composed of a residuum of elements of a specific offense." *Id.* at 151–152, citing *United States v. Wright*, 5 MJ 106, 110–11 (CMA 1978).

The first element of preemption is absent in this case. None of the punitive articles of the UCMJ specifically cover bribery. Nothing in the legislative history of Articles 92 and 134 indicates that Congress intended that general regulations be the sole means of prohibiting and punishing bribery.

The second element of preemption also is missing. Appellant was not charged with the "residuum" of another punitive article, but with violation of a common-law offense long recognized by military courts and codified in the federal criminal code. *See* 18 USC § 201; *United States v. Marshall*, 18 USCMA 426, 40 CMR 138 (1969); *United States v. Alexander*, 3 USCMA 346, 12 CMR 102 (1953).

Since the military judge and the Court of Military Review treated the bribery and the regulatory violation as a single offense for punishment purposes, we find no prejudice as to sentence.

The decision of the United States Navy–Marine Corps Court of Military Review as to Charge I and its specification is reversed. The findings of guilty thereon are set aside and that Charge and its specification are dismissed. In all other respects, the decision below is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.