**UNITED STATES**

v.

**Airman First Class Andre BENITEZ,
United States Air Force.**

**ACM S31093.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 15 March 2006.

5 Oct. 2007.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, and Captain Griffin S. Dunham.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, and Captain Jefferson E. McBride.

Before WISE, BRAND, and HEIMANN, Appellate Military Judges.

BRAND, Judge:

In accordance with his pleas, the appellant was convicted of one specification of larceny, and six specifications of selling stolen non-military property, in violation of Articles 121 and 134, UCMJ, 10 U.S.C. §§ 921, 934. His approved sentence consists of a bad-conduct discharge, confinement for 2 months, and reduction to E–1.

We have reviewed the record of trial, the assignment of errors, and the government's answer thereto. The appellant asserts that the preemption doctrine precluded the government from charging him with selling stolen non-military property, and that his guilty plea to the larceny specification was improvident.

*Background*

The appellant decided to start stealing merchandise from the Base Exchange (BX) when he saw two of his friends doing it and getting away with it. Between 1 June 2005 and 18 July 2005, the appellant would enter the BX, pick out merchandise, and then walk out of the BX with a receipt in his hand or talking on a cell phone. He was never stopped. Over the course of time, the appellant stole 5 Sony PlayStation Portables, 2 Jensen car stereo/DVD players, a pair of Adidas shoes, and a pair of Nike shoes.

In July 2005, one of the appellant's friends was caught. When he was questioned, he informed authorities about the appellant's activities. The appellant was questioned and he confessed. In his confession, he informed authorities that he had sold 4 of the PlayStations and both stereo/DVD players to unsuspecting military members.

*Preemption Doctrine*

The appellant, on appeal, avers the preemption doctrine prohibits the government from charging him with a violation of Article 134, UCMJ, for selling stolen non-military property because Congress elected to exclude such conduct from punishment under Article 108, UCMJ, 10 U.S.C. § 908, (Selling Military Property) and another specified provision of Article 134 (Concealing, Receiving, and Buying Stolen Property).

The interpretation of a statute and its legislative history is a question of law to be reviewed de novo. *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F.2005) (citing *United States v. Falk*, 50 M.J. 385, 390 (C.A.A.F.1999)). The preemption doctrine "prohibits application of Article 134 to conduct covered by Articles 80 through 132." *Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 60.c.(5)(a) (2005 ed.). Our superior court in *United States v. Kick*, 7 M.J. 82 (C.M.A.1979), further defined the preemption doctrine as the:

legal concept that where Congress has occupied the field of a given type of misconduct by addressing it in one of the specific punitive articles of the code, another offense may not be created and punished under Article 134, UCMJ, by simply deleting a vital element. However, simply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine. In addition, it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way.

*Id.* at 85 (internal citations omitted); *See also United States v. Erickson*, 61 M.J. 230 (C.A.A.F.2005). An Article 134 offense not specifically listed in the *MCM* must have words of criminality and provide the accused with notice as to the elements against which he must defend. *United States v. Vaughan*, 58 M.J. 29, 35 (C.A.A.F.2003) (citing *United States v. Davis*, 26 M.J. 445, 447–48 (C.M.A. 1988)).

The appellant's claim that the preemption doctrine prohibits the government from criminalizing his selling of stolen, non-military property under Article 134, UCMJ when Congress excluded such conduct from punishment under Article 108, UCMJ, is without merit. Congress did not intend to cover a complete class of offenses when it created Article 108, UCMJ. That Article criminalizes the sale or wrongful disposition of "any military property of the United States." Military property most likely was

selected for special protection due to its role in national defense. *United States v. Schelin,* 15 M.J. 218, 220 (C.M.A.1983). The sale of stolen *non-military* property was not the type of offense contemplated and criminalized by Article 108, UCMJ. The appellant was on notice his conduct was criminal and he explained to the trial judge exactly why it was criminal. He explained, and the record supports, that it was service discrediting and conduct prejudicial to good order and discipline. The preemption doctrine does not bar the prosecution of the appellant for this offense under the general Article 134.

The appellant's claim that the preemption doctrine prohibits the government from criminalizing his selling of stolen, non-military property under Article 134, UCMJ when Congress excluded such conduct from another specified provision of Article 134 is likewise without merit. The appellant claims that the specifically enumerated Article 134, UCMJ offense of knowingly receiving, buying, or concealing stolen non-military property omits the sale of such property, and therefore the preemption doctrine precludes criminalizing the sale of stolen non-military property under that Article. The purpose of the preemption doctrine was to preclude the application of Article 134, UCMJ, to offenses covered by Articles 80 through 132. With respect to offenses within Article 134, the *MCM* specifically states "[i]f conduct by an accused does not fall under any of the listed offenses for violations of Article 134 in this Manual … a specification not listed in this Manual may be used to allege the offense." *MCM,* Part IV, ¶ 60.c.(6)(c). The preemption doctrine does not apply to offenses within Article 134.

### Providency of the Plea

In determining whether a guilty plea is provident, the test is whether there is a "substantial basis in law and fact for questioning the guilty plea." *United States v. Jordan,* 57 M.J. 236, 238 (C.A.A.F.2002) (citing *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991)). In order to establish an adequate factual basis for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *Jordan,* 57 M.J. at 238 (quoting *United States v. Davenport,* 9 M.J. 364, 367 (C.M.A.1980)). The providency inquiry must reflect the accused understood the nature of the prohibited conduct. *United States v. Sapp,* 53 M.J. 90, 92 (C.A.A.F.2000). A military judge must "explain the elements of the offense and ensure that a factual basis for each element exists." *United States v. Barton,* 60 M.J. 62, 64 (C.A.A.F.2004) (citing *United States v. Faircloth,* 45 M.J. 172 (C.A.A.F.1996)). We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Eberle,* 44 M.J. 374, 375 (C.A.A.F.1996) (citing *United States v. Gallegos,* 41 M.J. 446 (C.A.A.F.1995)). Further, when reviewing the providency, this court does not end its analysis at the edge of the providence inquiry, but rather looks to the entire record. *Jordan,* 57 M.J. at 239.

Although the trial judge failed to define "divers occasions," the appellant told the military judge that he entered the BX on several occasions and removed merchandise without paying for it. The appellant specifically told the military judge he stole each of the items listed in the specification of Charge I over the charged timeframe listed in the specification. The plea was provident, and the specification was clear and not ambiguous. The trial judge did not abuse his discretion. This issue is without merit.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the findings and sentence are

AFFIRMED.