# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38975**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jacob A. CHAMBERS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 4 May 2017

————————————

*Military Judge:* Shaun S. Speranza.

*Approved sentence:* Dishonorable discharge, confinement for 50 years, total forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 1 October 2015 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant:* Major Lauren A. Shure, USAF; Major Annie W. Morgan, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, SANTORO, and HARDING *Appellate Military Judges*.

Judge SANTORO delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge HARDING joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SANTORO, Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas, of attempted receipt of child pornography, sexual abuse of a child (six specifications), rape of a child (four specifications), wrongful possession of child pornography, and wrongfully inducing a minor to create sexually-explicit visual depictions in violation of Articles 80, 120b, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920b, 934. The adjudged and approved sentence consisted of a dishonorable discharge, confinement for 50 years, total forfeiture of all pay and allowances, and reduction to E-1.

Appellant raises two assignments of error: (1) the military judge erred in admitting sentencing evidence; and (2) three specifications charged under Article 134, UCMJ, were preempted by Article 120b, UCMJ. We disagree and affirm.

## I. BACKGROUND

Appellant repeatedly raped his 11-year old stepsister, RC, by penetrating her vulva and mouth with his penis and penetrating her anus with his finger. He also touched her genitalia, breasts, and buttocks; caused her to touch his penis; rubbed his penis against her genitalia; and showed her a video of an adult woman performing fellatio as an "instructional tool." He searched for, received, and possessed child pornography and asked three other minors to create child pornography for him.

## II. DISCUSSION

### A. Sentencing Evidence

Appellant asserts that the military judge committed plain error "when he sentenced Appellant for conduct that occurred [before the charged period]." However, he fails to identify with any specificity the testimony or evidence he claims was erroneously admitted. We are thus left to speculate as to the evidence at issue and why Appellant believes it was not admissible.

Although we ordinarily review a military judge's decision to admit sentencing evidence for an abuse of discretion, *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010), Appellant may not raise on appeal an error that was waived at trial. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009); Rule for Courts-Martial 1001(b)(2). When an issue is forfeited, howev-

er, we review for plain error. *United States v. Harcrow*, 66 M.J. 154, 156 (C.A.A.F. 2006).[1]

Trial defense counsel raised only one objection, and that was to a photograph of RC taken several years before the charged period. The military judge sustained the objection.

As best we can infer from Appellant's one-paragraph discussion of this issue, he appears now to object to portions of RC's testimony that describe his abuse of her prior to his Air Force service. Appellant waived this issue because trial defense counsel affirmatively told the military judge that there was no objection to what they called "414 evidence," apparently in reference to Mil. R. Evid. 414.[2] *United States v. Ahern*, __ M.J. __, No. 17-0032/AR, 2017 C.A.A.F. LEXIS 292, at *7 (C.A.A.F. 20 Apr. 2017) (citing *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).[3]

## B. Preemption

Appellant pleaded guilty to three specifications alleging that he did "knowingly and wrongfully persuade, induce, and entice" three different named minors "to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: requesting that [each victim] create and then send sexually explicit images of herself" to him. These offenses were charged as violations of clause 2 of Article 134, UCMJ, which proscribes conduct that discredits the service.

---

[1] "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[2] We presume this reference to Mil. R. Evid. 414 was merely a shorthand reference to acts not charged, as the admissibility of sentencing evidence is governed by Rules for Courts-Martial 1001 and 1001A.

[3] Even if the issue was forfeited rather than waived, there was no plain error. "[W]hen uncharged misconduct is part of a continuous course of conduct involving similar crimes and the same victims, it is encompassed within the language 'directly relating to or resulting from the offenses of which the accused has been found guilty' under RCM 1001(b)(4)." *United States v. Nourse*, 55 M.J. 229, 232 (C.A.A.F. 2001). RC's testimony about the abuse she suffered at Appellant's hands prior to his enlistment certainly falls within this definition: she was a victim named in offenses to which Appellant pleaded guilty and the pre-service abuse she described was similar to that to which Appellant pleaded guilty.

During the providence inquiry,[4] the military judge defined the elements of each challenged specification as follows:

> One, that [at the time and place alleged], you did knowingly and wrongfully persuade, induce, and entice [each victim] to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: requesting that [each victim] create and then send sexually explicit images of herself to you.
>
> Two, that at the time [each victim] was under the age of 18 years.
>
> And three, under the circumstances your conduct was of a nature to bring discredit upon the armed forces.

Appellant contends that the Government was preempted from charging an Article 134, Clause 2 offense in this case because Congress intended to limit prosecution for such conduct to Article 120b(c). We review questions of statutory interpretation, including preemption, de novo. *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015); *United States v. Benitez*, 65 M.J. 827, 828 (A.F. Ct. Crim. App. 2007).

The preemption doctrine "prohibits application of Article 134 to conduct covered by Articles 80 through 132." *Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 60.c.(5)(a) (2012). In *United States v. Kick*, 7 M.J. 82 (C.M.A. 1979), our superior court referred to the preemption doctrine as the

> legal concept that where Congress has occupied the field of a given type of misconduct by addressing it in one of the specific punitive articles of the code, another offense may not be created and punished under Article 134, UCMJ, by simply deleting a vital element. However, simply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine. In addition, it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way.

*Id*. at 85 (citations omitted); *see also United States v. Erickson*, 61 M.J. 230 (C.A.A.F. 2005).

---

[4] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

Accordingly, the preemption doctrine only precludes prosecution under Article 134, UCMJ, where two elements are met: "(1) 'Congress intended to limit prosecution for . . . a particular area' of misconduct 'to offenses defined in specific articles of the Code,' and (2) 'the offense charged is composed of a residuum of elements of a specific offense.'" *United States v. Curry*, 35 M.J. 359, 360–61 (C.M.A. 1992) (omission in original) (quoting *United States v. McGuinness*, 35 M.J. 149, 151–52 (C.M.A. 1992)); *see also United States v. Wright*, 5 M.J. 106 (C.M.A. 1978).

We have previously addressed similar arguments. In *United States v. Hill*, No. ACM 38848, 2016 CCA LEXIS 291, at *5 (A.F. Ct. Crim. App. 9 May 2016) (unpub. op.), we held that a specification alleging the enticement of a minor to engage in lewd acts for the purpose of producing a visual depiction did not constitute a residuum of the elements of sexual abuse of a child under Article 120b(c).

The following month we decided *United States v. Costianes*, No. ACM 38868, 2016 CCA LEXIS 391 (A.F. Ct. Crim. App. 30 Jun. 2016) (unpub. op.). Although *Costianes* primarily considered whether a state-law offense was preempted from assimilation under Clause 3 of Article 134, we reaffirmed *Hill*'s holding that preemption did not bar an Article 134 charge for enticing a minor to produce child pornography. We noted:

> Even before it was a listed Article 134, UCMJ, offense, military case law had distinguished child pornography offenses under Article 134, UCMJ, as distinct from the underlying conduct that occurs with the minor. *See United States v. Nerad*, ACM 36994 (rem), 2011 CCA LEXIS 346, *4 (A.F. Ct. Crim. App. 9 March 2011) (affirming a finding of guilty to a violation of Article 134, UCMJ, for possessing child pornography when "the appellant was in the unique position of having a relationship with someone he could legally see naked and, but for his existing marriage, legally have sexual intercourse with, but could not legally possess nude pictures of her, several of which she took and sent to him"), *vacated on other grounds*, 70 M.J. 356 (C.A.A.F. 2011). The changes to Article 120b, UCMJ, have not incorporated the listed Article 134, UCMJ, offense of child pornography. Therefore, the preemption doctrine does not apply to Article 134, UCMJ, child pornography specifications.

*Costianes*, unpub. op. at *19-20.

Finally, we recently decided *United States v. Wheeler*, No. ACM 38908, ___ M.J. ___ (A.F. Ct. Crim. App. 19 Apr. 2017), in which we held that "persuading, inducing, enticing, or coercing" a minor to engage in sexual activity

is "a harm that the UCMJ does not specifically address." *Wheeler*, ___ M.J. at ___.

We see no reason to deviate from our treatment of this issue in *Hill*, *Costianes*, and *Wheeler*. Nor is Appellant's case meaningfully factually distinguishable. We therefore conclude that the challenged Article 134, UCMJ, specifications were not preempted by Article 120b, UCMJ.

## III. CONCLUSION

The findings of guilt and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court