*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Alexander S. WHEELER, Staff Sergeant**
United States Air Force, Appellant

**No. 17-0456**
Crim. App. No. 38908

Argued January 23, 2018 —Decided March 22, 2018

Military Judges: Matthew S. Ward and Vance H. Spath

For Appellant: *Major Virginia M. Bare* (argued)*; Lieutenant Colonel Nicholas W. McCue.*

For Appellee: *Major Matthew L. Tusing* (argued); *Colonel Katherine E. Oler* and *Lieutenant Colonel Joseph Kubler* (on brief); *Mary Ellen Payne,* Esq.

Judge RYAN delivered the opinion of the Court, in which Chief Judge STUCKY, Judges OHLSON and SPARKS, and Senior Judge EFFRON, joined.

————————

Judge RYAN delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of attempting to commit a lewd act upon a person he believed to be a child in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2012), and one specification of attempting to persuade, induce, or entice a person he believed to be a child to engage in sexual activity through the use of interstate commerce in violation of 18 U.S.C. § 2422(b) (2012), and charged under clause three of Article 134, UCMJ, 10 U.S.C. § 934 (2012). Appellant was sentenced to thirty months of confinement, a dishonorable discharge, forfeiture of all pay and allowances, and a reduction to E-1. The convening authority deferred mandatory forfeitures until the date of his action, waived mandatory forfeitures for a period of six months or until release from confinement or expiration of service (whichever was sooner), commencing on

the date of his action, and directed that the pay and allowances be paid to Appellant's wife, but otherwise approved the sentence as adjudged.

The United States Air Force Court of Criminal Appeals (AFCCA) affirmed the findings and the sentence, and concluded, inter alia, that the specification charging Appellant under clause three of Article 134, UCMJ, for attempting to "persuade, induce, or entice" a minor into engaging in sexual activity, in violation of a federal statute, 18 U.S.C. § 2422(b), was not preempted by Article 120b(c), UCMJ, 10 U.S.C. § 920b(c) (2012). *United States v. Wheeler*, 76 M.J. 564, 572, 575 (A.F. Ct. Crim. App. 2017).[1] We granted Appellant's petition to review the following issue:[2]

> WHETHER THE LOWER COURT ERRONEOUSLY CONCLUDED CHARGE II WAS NOT PREEMPTED BY ARTICLE 120b, UCMJ, 10 U.S.C. §920.

We hold that the Government was not preempted from charging Appellant under clause three of Article 134, UCMJ, for attempting to "persuade, induce, or entice" a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Article 134, UCMJ, expressly permits charging military members for "crimes and offenses not capital" that are "not specifically mentioned" in the UCMJ, and which include, in-

---

[1] The AFCCA ordered the convening authority to promulgate a corrected action and General Court-Martial Order (CMO) due to an error regarding Appellant's award of confinement credit. *Wheeler*, 76 M.J. at 575 n.8.

[2] We further note that a split among the Courts of Criminal Appeals (CCA) exists on the issue of whether, and under what circumstances, Article 120b, UCMJ, preempts offenses under Article 134, UCMJ, alleging enticement or solicitation of a child. *See* C.A.A.F. R. 21(b)(5)(A)–(B); *compare United States v. Hill*, No. ACM 38848, 2016 CCA LEXIS 291, 2016 WL 3193182 (A.F. Ct. Crim. App. May 9, 2016) (unpublished) (Article 134, UCMJ, offense for enticing child to engage in lewd conduct for purpose of producing child pornography was not preempted by Article 120b, UCMJ), *with United States v. Rodriguez*, No. ARMY 20130577, 2015 CCA LEXIS 551, 2015 WL 7828574 (A. Ct. Crim. App. Dec. 1, 2015) (Article 120b, UCMJ, covers all sexual misconduct with children and preempted the government from charging an offense under Article 134, UCMJ).

ter alia, "crimes and offenses prohibited by the United States Code." 10 U.S.C. § 934; *Manual for Courts-Martial, United States* pt. IV, para. 60.c.(4) (2012 ed.) (*MCM*). Accordingly, we affirm.

## I. Facts

The charges against the Appellant arose from his communications with "Gaby" occurring between on or about April 11 and 12, 2014. Gaby was not a real person, but rather a fictitious character played by several agents from the Air Force Office of Special Investigations (AFOSI) during a law enforcement operation focused on identifying and apprehending individuals using the Internet to engage in sexual activity with minors. Appellant responded to a post by Gaby on Craigslist, where she claimed to be an eighteen-year-old female seeking a sexual encounter with a male servicemember. Shortly after Appellant responded to the post, Gaby informed him that she was only fourteen years old. Despite some initial hesitance about her purported age, Appellant continued to communicate with Gaby.

Appellant's conversations with Gaby took place through several mediums: email, text message, and telephone calls. During these conversations, Appellant repeatedly asked Gaby where she lived and asked to meet her in person on several occasions. On one occasion, Appellant asked Gaby to meet him first "in a public place" then they "could go to the beach or back [to his home]." In a telephone conversation, Appellant asked Gaby if it was okay if he came over to her house and told her that when he gets "horny" he "jack[s] [his] dick" and asked Gaby if she "likes to masturbate." Later in the conversation, Appellant again asked for Gaby's address and suggested that they "could just make out" and that she could "finally touch a dick." Near the end of this conversation, Appellant told Gaby he no longer wanted to come over because it was "kind of illegal" due to her age. The next day, Appellant called Gaby and asked to "hang out" and asked for her address once again. At this time, Appellant drove to Gaby's purported house to meet her. Upon arrival, Appellant was taken into custody by AFOSI agents. During search incident to arrest, officers discovered a condom on Appellant's person. In addition to these specific conversa-

tions, Appellant also asked Gaby for "sexy pictures" and pictures of her breasts.[3]

## II. Discussion

Appellant alleges that the Article 134, UCMJ, offense of attempted enticement of a minor to engage in sexual activity, a violation of federal law, 18 U.S.C. § 2422(b) (entitled "Coercion and enticement") is preempted by Article 120b(c), UCMJ (entitled "Sexual abuse of a child"). Whether an offense is preempted depends on statutory interpretation, which is a question of law we review de novo. *United States v. Cooley*, 75 M.J. 247, 257 (C.A.A.F. 2016).

The sole specification of Charge II—charging Appellant with an Article 134, UCMJ, violation—provided that:

> Did, at or near Tampa, Florida, between on or about 11 April 2014 and on or about 12 April 2014, attempt to knowingly persuade, induce or entice an individual known to STAFF SERGEANT ALEXANDER S. WHEELER by the screen name "GABY" and the email address [ ]@yahoo.com, as masked by and routed from [ ]@pers.craigslist.org a person STAFF SERGEANT ALEXANDER S. WHEELER believed to be a child who had not attained the age of 18 years, to engage in sexual activity which, if undertaken would constitute a criminal offense under 10 USC Section 920b, by means or facility of interstate commerce, to wit: the Internet and cellular telephone, in violation of 18 USC Section 2422(b), a crime or offense not capital.

The noncapital federal offense referenced in this specification, 18 U.S.C. § 2422(b), provides that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall

---

[3] The aforementioned comments formed the basis for Charge I, Article 80, UCMJ, attempted lewd acts upon a child by intentionally communicating indecent language, a violation of Article 120b(c), UCMJ.

be fined under this title and imprisoned not less
than 10 years or for life.

Despite the fact that clause three of Article 134, UCMJ, clearly contemplates and permits the incorporation of non-capital federal crimes under its aegis, *MCM* pt. IV, para. 60.c.(4), Appellant alleges that it was impermissible as a matter of law to charge Appellant for attempted child enticement under Article 134, UCMJ. In his view, the highly particular federal "Coercion and enticement" statute, 18 U.S.C. § 2422(b), is preempted by Article 120b(c), UCMJ ("Sexual abuse of a child"). We disagree.

In its nascent form, Article 120b(c), UCMJ, provided that: "Any person subject to this chapter who commits a lewd act upon a child is guilty of sexual abuse of a child …." 10 U.S.C. § 920b(c) (2012).[4] As relevant here, "lewd act" included:

> (C) intentionally communicating indecent language to a child by any means, including via any communication technology, with an intent to abuse, humiliate, or degrade any person, or to arouse or gratify the sexual desire or any person; or

> (D) any indecent conduct, intentionally done with or in the presence of a child, including via any communication technology, that amounts to a form of immorality relating to sexual impurity which is grossly vulgar, obscene, and repugnant to common

---

[4] The first iteration of Article 120b, UCMJ—the iteration applicable to the time period of Appellant's case—enacted in 2011, contained a basic definition of sexual abuse of a child. National Defense Authorization Act for Fiscal Year 2012, 112 Pub. L. No. 81, § 541, 125 Stat. 1298, 1407−09 (2011) (codified at 10 U.S.C. § 920b (2012)). In 2016, Congress amended the definitions of sexual act and sexual contact under Article 120, UCMJ, as well as amended Article 120b, UCMJ, to expand the definition of sexual act and sexual contact to not only include the definition of those terms under Article 120, UCMJ, but also included "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." National Defense Authorization Act for Fiscal Year 2017, 114 Pub. L. No. 328, § 5430(b)–(c), 130 Stat. 2000, 2950−51 (2016).

propriety, and tends to excite sexual desire or de-
prave morals with respect to sexual relations.

Article 120b(h)(5)(C)–(D), UCMJ. Both parties spend a sig-
nificant amount of their respective efforts comparing apples
and oranges: the precise language of Article 120b(c), UCMJ,
and 18 U.S.C. § 2422(b), have little in common other than
that they are both aimed at criminalizing the sexual preda-
tion of children. *Compare MCM* Analysis of Punitive Articles
app. 23 at A23–16 (2012 ed.), *with United States v. Schell*,
72 M.J. 339, 343−44 (C.A.A.F. 2013) (Congress intended for
18 U.S.C. 2422(b) "to address those who lure children out to
actually engage in illegal sexual activity") (internal quota-
tion marks omitted) (citations omitted)). Moreover, entice-
ment is not addressed expressly under Article 120b, UCMJ,
or otherwise under the provisions subject to the preemption
doctrine, Articles 80–132, UCMJ, as a distinct offense. And
while it might be possible to contort the then extant version
of Article 120b(c), UCMJ, to accommodate enticement of a
child to engage in sexual activity, it fits *precisely* under the
federal statute specifically aimed at proscribing that activi-
ty. In this context, enticement may be prosecuted under Ar-
ticle 134, UCMJ.

Nor, in this particular context, is legislative intent
regarding "'occupy[ing] . . . a field'" relevant, let alone
paramount. *United States v. Robbins*, 52 M.J. 159, 162
(C.A.A.F. 1999) (quoting *Lewis v. United States*, 523 U.S.
155, 164 (1998)). Notably, Article 134, UCMJ, and 18 U.S.C.
§ 2422(b), are both *federal* statutes. Article 134, UCMJ, and
the Discussion thereunder make abundantly clear that it is
indeed permissible to incorporate violations of noncapital
federal crimes through clause three of Article 134, UCMJ.
*MCM* pt. IV, para. 60.c.(4) and Discussion; *see United States
v. McGuinness*, 35 M.J. 149 (C.M.A. 1992) (incorporating a
violation of 18 U.S.C. § 793 through clause three of Article
134, UCMJ). *Unless*, and herein lies the basis for our
decision, the Government turned to a hypothetical federal
noncapital crime that lessened its evidentiary burden at
trial by circumventing the mens rea element or removing a
specific vital element from an enumerated UCMJ offense.
"The preemption doctrine prohibits application of Article 134
to conduct covered by Articles 80 to 132," *MCM* pt. IV, para.

60.c.(5)(a), and as the President's guidance makes clear, is designed to prevent the government from eliminating elements from congressionally established offenses under the UCMJ, in order to ease their evidentiary burden at trial. *Id*; *see United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979); *United States v. Wright*, 5 M.J. 106, 110−11 (C.M.A. 1978); *United States v. Norris*, 2 C.M.A. 236, 239, 8 C.M.R. 36, 39 (1953) ("We cannot grant to the services unlimited authority to eliminate vital elements from common law crimes and offenses expressly defined by Congress and permit the remaining elements to be punished as an offense under Article 134."). That is the precise limitation the President placed on Article 134, UCMJ. *MCM* pt. IV, para. 60.c.(5)(a) ("Article 134 cannot be used to create a new type of larceny offense, one without the required intent, where Congress already set the minimum requirements for such an offense in Article 121.").

But this limitation by the President on Article 134, UCMJ, is not applicable here because there is no indication that the Government charged a violation of the United States Code via Article 134, UCMJ, to circumvent an element of an enumerated offense in the UCMJ. Appellant has not and cannot establish that this Article 134, UCMJ, specification created a "child sexual abuse offense," with either a lower mens rea or a lower evidentiary burden than Article 120b(c), UCMJ. Rather, it incorporated a specific federal statute aimed with precision at a particular type of intentional conduct with its own evidentiary burden. *United States v. Curry*, 35 M.J. 359, 361 (C.M.A. 1992) (finding no preemption where none of the punitive articles in the UCMJ specifically covered "bribery" and where offense charged was a common law offense "long recognized by military courts and codified in the federal criminal code"); *see United States v. Picotte*, 12 C.M.A. 196, 198, 30 C.M.R. 196, 198 (1961) (recognizing that when Congress has proscribed a course of conduct by more than one statute, the government may elect to prosecute on either statute applicable (citing *Rosenberg v United States*, 346 U.S. 273, 294 (1953))); *see also Ball v. United States*, 470 U.S. 856, 859 (1985) (acknowledging the government's broad discretion to select the charges to be brought in a particular case). Nor has Appellant demon-

strated that it is somehow easier to prove the offense of attempted knowing enticement of a minor to engage in sexual activity, 18 U.S.C. § 2422(b), than it is to prove the offense of attempted sexual abuse via Article 120b(c), UCMJ.

For the reasons stated above the Government was not preempted from charging Appellant with an Article 134, UCMJ, violation for attempting to "persuade, induce, or entice" a minor to engage in sexual activity, in violation of the federal civilian statute, 18 U.S.C. § 2422(b).

### III. Judgment

The judgment of the United States Air Force Court of Criminal Appeals is affirmed.