### UNITED STATES

v.

**Daniel I. JUAREZ, Private First Class (E–2), U.S. Marine Corps.**

NMCM 99 00814.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 18 Dec. 1998.

Decided 14 May 2001.

---

LT Amanda St. Claire, JAGC, USNR, Appellate Defense Counsel.

LCDR Philip Sundel, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, ANDERSON, Senior Judge, and PRICE, Appellate Military Judge.

PRICE, Judge:

Pursuant to his pleas, the appellant was convicted at a special court-martial before a military judge alone of three specifications of larceny, in violation of Article 121, Uniform

Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a bad-conduct discharge, confinement for 120 days, forfeiture of $600 pay per month for four months, and reduction to E–1. The convening authority approved the sentence.

The appellant contends that his guilty pleas were improvident because (1) he misunderstood a material provision in the pretrial agreement regarding forfeitures of pay, and (2) that same material provision was negotiated and agreed upon by the Government and the appellant based upon a "mutual mistake." Appellant's Brief of 30 Nov 2000 at 3 and 6. The Government concedes that the appellant's guilty pleas were improvident.

We have carefully reviewed the record of trial, the assignments of error, and the Government's response. Finding merit in the assigned errors, we set aside the findings and sentence.

### Facts

The appellant negotiated a pretrial agreement on 18 December 1998 that, in pertinent part, required the convening authority to defer adjudged and automatic forfeitures until the date of the convening authority's action, then waive the execution of all automatic forfeitures for a period of six months from the date of the convening authority's action. The money represented by the automatic forfeitures would be paid by the appellant to his wife and his two minor children.[1] In return, the appellant agreed to plead guilty as specified in the pretrial agreement. Appellate Exhibit II.

At the time of trial on 18 December 1998, the appellant had been retained on active duty in a legal hold status because his term of obligated active service had expired on 28 November 1998. Under Department of Defense pay procedures, "an enlisted member retained in the Military service for the purpose of trial by court-martial is not entitled to pay for any period after expiration of the enlistment unless acquitted or the charges are dismissed...." DoD Financial Management Regulation, Vol. 7A, Ch 3 § 030207(C) Appendix A–2 (DoD FMR). As a result, the provision that the appellant had negotiated with the convening authority concerning automatic forfeitures became a nullity at the end of his contractual period of obligated service.

At trial, neither the appellant nor counsel were aware that the appellant would not be entitled to any pay if he was convicted at trial. Even though the military judge indicated that he had considered the personal data on the charge sheet and the stipulation of fact (Prosecution Exhibit 1), which showed that the appellant was past his expiration of active obligated service (EAS), he did nothing to correct their misimpression. Instead, he reinforced it as he went over this provision of the pretrial agreement with the appellant:

> MJ: Now, Article 58b also applies to you. It applies—when I say it applies to you, it applies to everybody. In particular, it operates in the case of any approved court-martial sentence that includes a punitive discharge and confinement. What happens is that there's an automatic forfeiture of two-thirds of all pay due during the period of confinement. *However, the Convening Authority may waive these forfeitures for a period of up to six months, as an aspect of your pretrial agreement or otherwise, in which case the pay and allowances are given to a dependent.* Do you understand that?
>
> ACC: Yes, sir.

Record at 38 (emphasis added).

> MJ: Third, *with regards to the forfeitures I have adjudged, there shall be a deferral, in accordance with Article 58b, of the forfeitures adjudged, to the accused's wife and children.*
>
> MJ: Do counsel agree with my interpretation of the pretrial agreement?
>
> TC: Yes, sir.
>
> DC: Yes, sir.

---

1. Under Article 58b, UCMJ, 10 U.S.C. § 858b, an accused who receives a sentence that includes confinement for six months or less and a bad-conduct discharge automatically forfeits two-thirds of all pay due to that member during the period of confinement. However, the convening authority may waive any or all automatic forfeitures for a period of up to six months, provided that the pay goes to the accused's dependents. Art. 58b(b), UCMJ.

MJ: Do you understand the meaning and effect that the sentence limitation portion of your pretrial agreement has on the sentence awarded?

ACC: Yes, sir.

Record at 49 (emphasis added). In fact, when the military judge advised the appellant that *adjudged* forfeitures would be given to the appellant's dependents, he misstated the law. As we have noted previously, the convening authority may direct that only *automatic* forfeitures be paid to the accused's dependents.

Two documents submitted to us during the course of our review substantiate the confusion that obviously existed in the minds of the parties to this court-martial. The appellant has submitted a declaration that states: "an important term of our agreement was to have the adjudged forfeitures paid to my wife and children. In exchange for agreeing to this term, the government increased my confinement time from 90 days to 120 days." Appellant's Brief of 30 Nov 2000 at Appendix A–1. The appellant also asserts that neither his trial defense counsel (TDC) nor the military judge advised him that he would not be entitled to receive pay because his enlistment had expired. Finally, he declares that he would not have agreed to plead guilty under the terms of this pretrial agreement had he known he was not entitled to be paid.

We have also considered a statement from the TDC that states, in pertinent part: "At no point during my negotiation of PFC Juarez' pre-trial agreement with trial counsel or the convening authority did we discuss the impact that PFC Juarez' End of Active (EAS) (sic) would have on his receipt of military pay." Appellant's Brief of 30 Nov 2000 at Appendix A–3.

### Discussion

■ To set aside a guilty plea as improvident, we must first find "a substantial basis in law and fact" to question the validity of the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991)(internal quotes omitted). An accused's guilty plea must be voluntary before the court can accept it. RULE FOR COURTS-MARTIAL 910(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.). The military judge's inquiry into the voluntariness of an accused's guilty plea includes an examination of the provisions of any pretrial agreement giving rise to the plea in order to ensure that there is a clear understanding and a meeting of the minds on the part of the parties to the agreement. R.C.M. 705(c)(1)(A); R.C.M. 910(f).

> If the military judge determines that the accused does not understand the material terms of the agreement, or that the parties disagree as to such terms, the military judge shall conform, with the consent of the Government, the agreement to the accused's understanding or permit the accused to withdraw the plea.

R.C.M. 910(h)(3); *see also, United States v. Olson*, 25 M.J. 293, 297 (C.M.A.1987).

■ After the Government and the accused enter into a pretrial agreement, the accused must receive the benefit of his bargain or his pleas may be found improvident on appellate review. *United States v. Mitchell*, 50 M.J. 79, 82 (1999); *United States v. Bedania*, 12 M.J. 373, 375 (C.M.A.1982). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).[2] More recently, our superior court held that an accused's guilty plea may be found improvident if (1) it was induced by the erroneous advice of counsel as to a material benefit of his pretrial agreement, and (2) the military judge, sharing in counsel's misunderstanding, failed to correct it. *United States v. Williams*, 53 M.J. 293 (2000); *see also United States v. Hardcastle*, 53 M.J. 299 (2000). "Ignorance of the law on a material matter cannot be the prevailing norm in the legal profession or in the court-martial process." *Williams*, 53 M.J. at 296.

■ The Government concedes that there was a mutual mistake as to the automatic

---

**2.** Where civilian prosecutors have reneged on plea bargain agreements, the guilty pleas of defendants have most often been vacated by the lower courts on the grounds of "involuntariness." *Santobello*, 404 U.S. at 266, 92 S.Ct. 495 (Douglas, J., concurring).

forfeiture limitation negotiated in the pretrial agreement. It is clear that the appellant negotiated an assurance from the Government that his dependent wife and children would receive financial support from his pay for a specified period of time while he served his sentence, and that but for that provision he would not have entered guilty pleas. Appellant's Brief of 30 Nov 2000 at Appendix A-1. As a result, we find that the limitation on forfeitures was a material factor inducing him to enter into a pretrial agreement and plead guilty. It is also evident from the record and the post-trial statement of the TDC that the participants in the trial, including the military judge, erroneously assumed that the appellant would continue receiving his military pay after trial. Because his misunderstanding was induced by the language of the pretrial agreement, and the military judge failed to correct that misunderstanding, we hold that the appellant's guilty pleas were improvident and the appellant is entitled to relief. *Williams*, 53 M.J. at 296.

As relief, the appellant requests that we set aside the findings and sentence. In conceding the improvidence of the appellant's guilty pleas, the Government requests that we set aside the findings and sentence and authorize a rehearing. The findings and sentence need not be set aside, however, if it is within the reach of the appellate courts to provide alternate relief that adequately fulfills the purposes of the pretrial agreement. *Mitchell*, 50 M.J. at 82–83; *Olson*, 25 M.J. at 298–99. Finding no alternate means to provide the appellant meaningful relief, we concur in the relief requested by the Government.

### Conclusion

The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General for remand to the same or a different convening authority, who may order a rehearing. If a rehearing is deemed impractical as to any of the charged offenses, the convening authority shall dismiss those specifications and, if appropriate, the Charge. R.C.M. 1107(e)(1)(B)(iii).

Chief Judge LEO and Senior Judge ANDERSON concur.