*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
KISOR, PICTON, and HARRELL
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**John-Paul C. ARAGON**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202400097**

———————————

Decided: 29 September 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
John J. Stephens (arraignment)
Derek D. Butler (trial)

Sentence adjudged 9 November 2023 by a general court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for eight years, and a dishonorable discharge.

For Appellant:
*Lieutenant Colonel Gregory P. Adams, USMC*

For Appellee:
*Lieutenant Erin H. Bourneuf, JAGC, USN*
*Lieutenant Lan T. Nguyen, JAGC, USN*

Judge PICTON delivered the opinion of the Court, in which Senior Judge KISOR and Senior Judge HARRELL joined.

—————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

—————————————

PICTON, Judge:

Appellant was convicted, pursuant to his pleas, of one specification of sexual abuse of a child involving sexual contact, in violation of Article 120b, Uniform Code of Military Justice (UCMJ),[1] for intentionally touching the genitalia of S.R., a child under the age of 12 years, with the intent to arouse or gratify his sexual desire.

Appellant asserts one assignment of error (AOE): whether the Government failed to perform its obligation to timely and permanently waive forfeitures for six months in the dollar amount required by the plea agreement.[2] Appellant does not challenge the providence of his plea, rather Appellant asks the Court to order the Government to eliminate the negative balance on Appellant's Leave and Earnings Statement or to grant appropriate relief.[3] As Appellant's dispute with military officials does not render the plea improvident or concern the approved sentence, it is beyond the Court's authority. We find no prejudicial error and affirm.

## I.  BACKGROUND

Appellant pleaded guilty, and in the plea agreement, the convening authority agreed to defer Appellant's automatic forfeiture of pay from the date of his conviction, until entry of judgment, and to waive automatic forfeiture of pay in

—————————————

[1] 10 U.S.C. § 920b.

[2] On 7 August 2024, Appellant submitted this case without assignment of error. Upon review of the record, the Court noted a potential issue with respect to the deferment and waiver of forfeitures provision in the plea agreement. On 10 September 2024, the Court held a chambers conference. Appellant subsequently moved to withdraw his initial submission without assignment of error. This Court granted Appellant's motion to withdraw and this AOE followed.

[3] Appellant's Brief at 8.

the amount of $2,402.10 for six months after entry of judgment.[4] The waived forfeitures were to be paid via allotment to Appellant's spouse.[5] The military judge reviewed the forfeiture provisions with Appellant during his plea colloquy, and accepted his plea thereafter.[6] Appellant was sentenced in accordance with his plea agreement.[7]

In response to Appellant's clemency request, the convening authority suspended Appellant's reduction in grade for six months, beginning 8 December 2023, and ending 8 June 2024.[8] However, a delay in the Government's reporting of Appellant's effective date of his reduction in grade, following the period of suspension, resulted in greater allotment amounts, and created a debt for overpayment of Appellant's basic pay entitlement.[9]

## II. DISCUSSION

### A. Standard of review.

Jurisdiction is a question of law we review de novo.[10] "The burden to establish jurisdiction rests with the party invoking the court's jurisdiction[.]"[11] Military trial and appellate courts, like all federal courts, are courts of limited jurisdiction.[12] "They possess only that power authorized by Constitution and statute."[13] The scope and meaning of Article 66(c), UCMJ, which is the source of this Court's authority, is a matter of statutory interpretation, which, as a question of law, is reviewed de novo.[14]

---

[4] App. Ex. III at para. 10c, "Sentencing Limitations".

[5] *Id.*

[6] R. at 39, 44.

[7] R. at 96.

[8] convening authority's Action

[9] Appellee's Brief at 10.

[10] *Randolph v. HV*, 76 M.J. 27, 29 (C.A.A.F. 2017) (citing *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013)).

[11] *Id.* (quoting *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015)).

[12] *United States v. Wuterich*, 67 M.J. 63, 70 (C.A.A.F. 2008).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[14] *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015), *cert. denied*, 577 U.S. 1104 (2016).

### B. The law on setting aside plea agreements that were improvident due to a misunderstanding.

Citing *United States v. Smith*,[15] Appellant avers the Government's retroactive pay correction constituted a breach of the forfeiture deferment and waiver provision, a material term in the plea agreement.[16] In response, the Government explains that following Appellant's grade reduction suspension period, which ended on 8 June 2024, the Defense Finance and Accounting Service did not receive notification of his demotion from lance corporal to private until 22 October 2024, resulting in overpayments in the amount of $1,455.60 through his dependent allotment.[17]

The Courts of Criminal Appeals have seen a variety of cases involving automatic forfeiture disputes. A common thread among these cases is the impact the claimed breach of the agreed term had on the providence of an appellant's pleas. In *United States v. Juarez*, the government conceded the appellant's plea was improvident due to a mutual mistake as to the automatic forfeitures limitation negotiated in the plea agreement.[18] This Court set aside the findings and sentence and ordered a rehearing at the request of the government.[19]

In *United States v. Miceli*, this Court found that the trial judge and all counsel misunderstood the automatic forfeitures term in the pretrial agreement, resulting in an improvident guilty plea.[20] The findings and sentence were set aside and a rehearing was authorized.

Likewise, in *United States v. Hardcastle*, the government conceded the appellant's pleas were improvident because his agreed upon forfeiture provision could not be enforced past his EAS.[21] "When collateral consequences of a court-martial conviction . . . are relied upon as the basis for contesting the providence of a guilty plea, the appellant is entitled to succeed only when the collateral

---

[15] *United States v. Smith*, No. 200700831, 2009 CCA LEXIS 99 (N-M. Ct. Crim. App. Mar. 19, 2009) (unpublished).

[16] Appellant's Brief at 7.

[17] Appellee's Brief at 10.

[18] *United States v. Juarez*, 54 M.J. 974, 975 (N-M. Ct. Crim. App. 2001).

[19] *Id.* at 977.

[20] *United States v. Miceli*, No. 201700062, 2017 CCA LEXIS 581 at *7 (N-M. Ct. Crim. App. Aug. 31, 2017) (unpublished).

[21] *United States v. Hardcastle*, 53 M.J. 299, 302 (C.A.A.F. 2000).

consequences are major and the appellant's misunderstanding of the consequences . . . is induced by the trial judge's comments during the providence inquiry . . . ."[22]

The appellant in *United States v. Mullinax* claimed the government's delayed payment constituted a failure to defer and waive automatic forfeitures as agreed upon, and therefore, his pleas were improvident.[23] This Court highlighted, "[i]t is fundamental to a knowing and intelligent guilty plea that where an accused pleads guilty in reliance on promises made by the Government in a pretrial agreement, the voluntariness of the plea depends on the fulfillment of those promises by the Government."[24] "In such instances . . . remedial action, in the form of specific performance, withdrawal of the plea, or alternative relief is required."[25] "An appellate court may not, however, impose alternate relief without the appellant's consent."[26] The Court found the government's delayed payment was either specific performance of the agreement or a form of alternative relief, and approved the findings and sentence.

In a case where the appellant had not been paid for accrued leave, the Air Force Court of Criminal Appeals determined it did not have "unlimited authority . . . to grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of a court-martial sentence."[27]

---

[22] *Id.* at 303 (quoting *United States v. Bedania,* 12 MJ 373, 376 (C.M.A. 1982)).

[23] *United States v. Mullinax*, No. 200600911, 2007 CCA LEXIS 186 at *4 (N-M. Ct. Crim. App. June 7, 2007) (unpublished).

[24] *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

[25] *Id.*

[26] *Id.* at 83-84.

[27] *United States v. Buford,* 77 M.J. 562, 565-66 (A.F. Ct. Crim. App. 2017) ("Appellant characterizes the withholding of pay as 'punitive' and asserts he is 'being improperly punished.' We considered whether a mere claim of improper post-trial punishment establishes jurisdiction; we hold that it does not . . . . Appellant has similarly failed to present any evidence to establish that any member of his command or other military official withheld his pay for the period of accrued leave in order to increase the severity of his sentence and impose illegal post-trial punishment").

### C. This plea is not improvident; this Court lacks jurisdiction to order the relief requested.

Here, there was no misunderstanding of the forfeiture terms in the plea agreement. Moreover, Appellant is not contesting the validity of his plea or sentence. Importantly, Appellant appears to have received the benefit of his bargain when the convening authority deferred and waived automatic forfeiture of Appellant's pay each month of the waiver period in amounts equal to, or greater than, the bargained for amount. Instead, Appellant seeks to have this Court invoke powers beyond its jurisdiction and insert itself into military finance and personnel matters. It is unfortunate for Appellant that the monthly allotment amount exceeded his pay entitlement and went unnoticed for months.[28] However, the resulting debt is not a matter this Court has jurisdiction to resolve. "The authority granted under Article 66(d)(2), UCMJ, does not turn the lower courts into courts of equity that can award financial damages to right any wrong when that relief is not otherwise statutorily authorized."[29] Jurisdiction over military pay matters rests elsewhere.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[30]

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[28] Appellee's Brief at 11.

[29] *United States v. Lopez*, __ M.J. __, No. 24-0226, 2025 CAAF LEXIS 735 at *21 (C.A.A.F. Sep. 2, 2025).

[30] Articles 59 & 66, UCMJ.